WILEY B. BROWN v. POSTAL TELEGRAPH-CABLE COMPANY AND LEONIDAS LOWE.

(Filed 6 June, 1930.)

1. **Trial E c—Where requested instructions are substantially given it is sufficient.**

     A general charge given by the judge to the jury substantially embodying special instructions requested is sufficient, it not being required that the exact language of the special instructions requested be used.

2. **Trial E c—Court must state evidence in plain manner and explain law arising thereon, and must not express opinion as to sufficiency of proof.**

     It is required of the court in his charge to the jury that he state in a plain and correct manner the evidence in the case and explain the law applicable thereto without expressing an opinion as to whether a fact at issue is fully or sufficiently proven. C. S., 564.

3. **Appeal and Error E b—Where evidence is not set out in record the application of the law thereto by the court is presumed correct.**

The application of the law to the evidence in the case in the instruction of the court to the jury is presumed correct on appeal where the evidence or admitted facts do not appear in the record.

4. **Master and Servant D c; D d—Questions of negligence of employee and contributory negligence of third person injured held for jury.**

Where, in an action to recover damages from a telegraph company for an alleged negligent personal injury to the plaintiff caused by the defendant's messenger boy, riding a bicycle, running into the plaintiff while delivering telegrams, the evidence is conflicting as to whether the messenger boy or the plaintiff was violating a traffic regulation of the city at the time of the injury, the questions of the defendant's actionable negligence and the plaintiff's contributory negligence and proximate cause are for the jury.

APPEAL by defendants from *MacRae, Special Judge,* and a jury, at January Term, 1930, of BUNCOMBE. No error.

This is an action for actionable negligence brought by plaintiff against the defendants for damages for injuries sustained. It is alleged by plaintiff that defendant, Leonidas Lowe, was a messenger boy in the employ of defendant company. That in the course of his employment and when on duty, while riding a bicycle and violating certain safety zone ordinances of the city of Asheville, he negligently ran into the plaintiff, seriously injuring him. That plaintiff was crossing Patton Avenue when he was run into, at the time he had the right to cross and while complying with the safety zone ordinances. That the negligence of Lowe was the proximate cause of the injury. The defendants denied negligence and pleaded contributory negligence. The defendants also set forth that the collision and injury was the result of an accident.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

3. What amount, if any, is the plaintiff entitled to recover? Answer: $7,500."

The evidence introduced by the plaintiff and defendants was pro and con on the issues of negligence and contributory negligence. On the measure of damage there is no exception or assignment of error. The court below rendered judgment on the verdict. Defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Sanford W. Brown and J. E. Swain for plaintiff.*
*W. A. Fitts and Merrimon, Adams & Adams for defendants.*

CLARKSON, J.   The main contentions of defendants were to the effect that the court below did not give instructions prayed for by the defendants.   That the charge impinged and did not comply with C. S., 564. To comply with the statute, it is incumbent on the judge in the charge to the jury that he express no opinion as to whether a fact is fully or sufficiently proven—that is the province of the jury.   It is further required that the judge shall state in a plain and correct manner the evidence and declare and explain the law applicable to the facts.   It is also well settled that requests for instructions need not be given literally.   If the charge as a whole includes substantially the prayers for instruction it is sufficient.   The evidence is not in the record.   We think from the record before us the court below fully complied with the statute.

In *Felmet v. Express Co.,* 123 N. C., at p. 501, we find: "Instructions of law given by the court to the jury must be founded on some phase of the evidence or on the admitted facts when there is to be an application of the law to facts admitted or found by the jury, and unless there appears in the statement of the case on appeal the admitted facts or the evidence upon which instructions were asked, we cannot tell whether the instructions are merely theoretical propositions of law or not." *James v. R. R.,* 121 N. C., 530.

In the charge in which the court below quotes the evidence and sets forth the contentions, we can see no prejudicial or reversible error.

It may not be amiss to quote what *Mr. Justice Walker* said for the Court in *Withers v. Lane,* 144 N. C., at p. 191: "The judge should be the embodiment of even and exact justice.   He should at all times be on the alert, lest, in an unguarded moment, something be incautiously said or done to shake the wavering balance which, as a minister of justice, he is supposed, figuratively speaking, to hold in his hands.   Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury.   This right can neither be denied nor abridged." *Starling v. Cotton Mills,* 171 N. C., at p. 222.

The questions for the jury to determine in this action were simple and not complicated.   It narrowed itself down to a question of fact as to whether the messenger boy was negligent in violating the safety zone ordinances; if so, he and the company, his employer, as he was about his master's business, were guilty of negligence, if their negligence was the proximate cause of plaintiff's injury.   On the other hand, if plaintiff violated the safety zone ordinances, and that was the proximate

cause of the injury, plaintiff was guilty of contributory negligence and could not recover. It seems that there is no contest over the charge as to damages.

In *Davis v. Long,* 189 N. C., at p. 137, it is said: "The case is not complicated as to the law or facts. The jurors are presumed to be men 'of good moral character and sufficient intelligence.' They could easily understand the law as applied to the facts." In the judgment we find No error.