This was an action for damages for a personal injury alleged to have been caused the plaintiff by the negligence of the defendant in the operation of a motor vehicle on the highway. The automobile in which plaintiff was riding as a passenger collided with an automobile driven by the defendant proceeding in the opposite direction.
Plaintiff alleged as the cause of the collision that defendant was driving his car on the defendant's left side of the road in violation of the statute. Defendant denied this, and alleged that the car in which plaintiff was riding was being driven on plaintiff's left side of the road, and that the negligence of the driver of the automobile in which plaintiff was riding was the sole proximate cause of the injury. The defendant did not allege contributory negligence.
There was evidence tending to support the allegations of both plaintiff and defendant. The usual issues of negligence and damage were submitted to the jury.
The court, after stating fully the contentions of the parties and recapitulating the testimony in support of each, charged the jury, among other things, as follows:
"Now, the plaintiff cannot recover unless you are satisfied from the evidence, by its greater weight, that Williams, the defendant, was guilty of negligence. I shall now give the definition of what negligence is, and I ask your attention to that, where the plaintiff has been injured by the negligence of the defendant.
"Negligence is a failure to perform some duty imposed by law. It is doing other than, or failing to do, what a reasonably prudent man would have done under the same or similar circumstances. In short, negligence is a want of due care; and, in determining whether due care has been exercised in any given situation, of the party alleged to have been negligent, reference must be had to the facts and circumstances of the case, and to the surroundings of the party at the time, and he must be judged by the influence which those facts, and his surroundings, would have had upon a man of ordinary prudence in shaping his conduct, if he had been similarly situated. *Page 115 
"But every negligent act does not of itself involve liability. The conduct of the party sought to be charged, or his failure to exercise proper care, must amount to what is known in law as actionable negligence. And in order to establish actionable negligence, the plaintiff is required to show, by the greater weight of the evidence, first, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed, proper care being that degree of care which a prudent man should use under like circumstances when charged with a like duty; and, second, that such negligent breach of duty was the proximate cause of the injury, a cause that produced the result in continuous sequence, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.
"Now, there are three elements that go to make up negligence, first, a duty to perform which the defendant owes the plaintiff. That is an element of negligence. And, second, a failure on the part of the defendant to perform that duty; and third, injury resulting proximately from the failure of the defendant to perform that duty which the law imposes upon him. Those are the three elements of negligence.
"But then, if you were to be satisfied, from the evidence and by its greater weight, that this defendant was negligent, that would not entitle the plaintiff to recover until you went further than that and said that that negligence was the proximate cause of the injury which this plaintiff contends that he received.
"Now, the definition of proximate cause is this: An act is said to be the proximate cause of an injury when, in a natural and continuous sequence, unbroken by any new and independent cause, it produced the result complained of, and without which the injury would not have occurred. The test is: Was there an unbroken connection, a continuous operation, between the wrongful act and the injury? Do the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? Was there any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury? If so, this intermediate cause, and not the original wrong, would be the proximate cause of the injury.
"It is generally held that, in order to warrant the jury in finding that the negligence of the defendant was the proximate cause of the plaintiff's injury, it must appear that the injury was the natural and probable consequence of the defendant's negligent act, and that it ought to have been foreseen in the light of attending circumstances.
"Now, gentlemen, as I have said, the burden of the first issue is on the plaintiff. Issues are questions of fact that the jury have to answer. *Page 116 
and when the jury has answered these issues, judgment is drawn from the way that the jury answers the issues.
"The first issue is: `Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?' The burden of that issue is upon the plaintiff, Mr. Bullock, and before you can answer that issue `Yes,' it means that you say that he was injured by the negligence of Mr. Williams. The plaintiff must offer evidence which satisfies you, by its greater weight, not beyond a reasonable doubt — that is, in criminal cases — but the plaintiff must offer evidence which satisfies you, by its greater weight, that Williams was negligent, and that Bullock was injured by his negligence. If you are so satisfied, it would be your duty to answer the first issue `Yes.' If not so satisfied, it would be your duty to answer the issue `No.'
"By greater weight it does not mean the greater number of witnesses. It is like a pendulum. If it has more weight on the plaintiff's side, just a little bit, then he has carried the burden of satisfying you by the greater weight of the evidence; but, if the pendulum is even, he has not carried the burden of satisfying you by the greater weight of the evidence. If the greater weight is on the side of the defendant, of course, the plaintiff cannot recover because he has not satisfied you from the evidence, by its greater weight.
"Now, the plaintiff contends that Williams violated the traffic law, and the defendant contends that the driver of the plaintiff's car, Randolph Bullock, violated the traffic laws which we have in this State. I charge you this is the law:
"Any person who drives any vehicle upon a highway carelessly and heedlessly and in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.
"Then I charge you, if you are satisfied from this evidence, and by its greater weight, if the plaintiff has satisfied you that Williams was guilty of careless and reckless driving on this occasion, that would be negligence on the part of Williams, but it would not entitle the plaintiff to recover unless you go further than that and say that the negligence which you find him guilty of was the proximate cause of the injury which the plaintiff contends he sustained.
"There is another rule of law which I call your attention to: Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway. I charge you this is the law: Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible. I charge you that is the law. *Page 117 
"I charge you that the driver of a vehicle shall not drive to the left side of the center of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety. I charge you that is the law.
"The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade, or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of five hundred feet.
"I charge you gentlemen that if you find that this defendant has violated any of these statutes, or all of them, and you go further and find because of that violation of this statute he would be guilty of negligenceper se, that is, negligence in itself, if he violated the traffic laws, then he is guilty of negligence per se, which is negligence in itself, but, as I have charged you before, that would not be sufficient for you to say that the plaintiff ought to recover from the defendant on account of that negligence unless you find that negligence was the proximate cause of the injury, which the plaintiff contends he sustained.
"Now, gentlemen, I charge you that if you are satisfied from the evidence that both the plaintiff's driver, Randolph Bullock, and the defendant Williams were both negligent, and that both of their negligence was the proximate cause of this accident, that both were negligent, and that the negligence of both was the proximate cause of the accident, then the plaintiff would be entitled to recover in this case, for the reason that the only way the plaintiff could not recover is that you must be satisfied that this defendant was not guilty of any negligence whatsoever, or, if you are satisfied from the evidence that the negligence of Randolph Bullock was the sole cause of this accident. Since David Bullock was not driving, you cannot impute negligence of the driver to him, but, I charge you, that if you are satisfied from this evidence that the negligence of Randolph Bullock was the sole proximate cause of this injury which the plaintiff sustained, then the plaintiff cannot recover in this case.
"Now, gentlemen, I charge you this is the law, also: An automobile driver, who by the negligence of another, and not by his own negligence, is suddenly confronted with an emergency and is compelled to act instantly to avoid an accident or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make; even though he didn't make a wise choice, and whether he used reasonable care under the circumstances is ordinarily a question for the jury. I so charge you that is the law.
"The court charges you that if the jury shall find from the evidence that the defendant Williams was operating his automobile to the right of *Page 118 
the center of the highway, and that the automobile occupied by the plaintiff Bullock was meeting him, being driven in or near the middle of the highway, then the court charges you that it would not be the duty of the defendant Williams to turn his automobile further to the right, even though he may have had room to do so and avoid the accident, for the defendant had the right to assume, up to the point of collision, that the automobile occupied by the plaintiff would assume its proper and rightful position in passing. That applies to both the plaintiff's car and the defendant's car.
"The court charges you that one cannot escape liability for the negligent operation of an automobile on the ground that he acted in an emergency, when it appears that the emergency was created by his own negligence; or, if, by the exercise of reasonable care, he might have avoided the injury, notwithstanding the emergency."
The jury for their verdict answered the issues in favor of the plaintiff, and from judgment in accord therewith defendant appealed.
The appellant noted numerous exceptions to the judge's charge to the jury, and contends that, particularly, the following should be held for error entitling him to a new trial: "Now, gentlemen, I charge you that if you are satisfied from the evidence that both the plaintiff's driver, Randolph Bullock, and the defendant Williams were both negligent, and that both of their negligence was the proximate cause of this accident, that both were negligent, and that the negligence of both was the proximate cause of the accident, then the plaintiff would be entitled to recover in this case, for the reason that the only way the plaintiff could not recover is that you must be satisfied that this defendant was not guilty of any negligence whatsoever, or if you are satisfied from the evidence that the negligence of Randolph Bullock (driver of car in which plaintiff was riding) was the sole proximate cause of the accident."
While a portion of the above quotation from the charge, standing alone, would be erroneous, in that it apparently placed the burden on the defendant to satisfy the jury that he was not guilty of negligence, yet considering the charge as a whole and the connection in which the language was used, in the light of all the evidence, we cannot hold that the jury was misled by this excerpt from a lengthy charge in other respects free from material error. The clause complained of had reference to the defendant's contention that the sole proximate cause of the injury was the negligence of plaintiff's driver, and the jury was instructed, if *Page 119 
they found both defendant and plaintiff's driver were negligent, and that the negligence of each was a proximate cause of the injury, that would not relieve the defendant; and that under these circumstances the negligence of plaintiff's driver would not absolve defendant from liability for his own negligence (since the negligence of the driver was not imputable to plaintiff), unless the negligence of the driver of plaintiff's car was the sole proximate cause of the injury. To this correct statement of the law, the judge inadvertently added language which, standing alone, was erroneous, but he had repeatedly charged the jury that the burden of proof on the first issue was on the plaintiff, and that the plaintiff was not entitled to an affirmative answer to that issue unless the jury found by the greater weight of the evidence that the defendant was negligent and that his negligence was a proximate cause of the injury.
Considering the charge as a whole, we conclude that the vice in that portion of the instruction complained of, in the connection in which it was given and in the light of the evidence, resulted in no harm to the defendant, and was insufficient to necessitate the overthrow of the verdict and the award of a new trial.
In Plyler v. R. R., 185 N.C. 358, the salutary rule is laid down that if the charge considered as a whole embodies the law applicable to the essential features of the case, it should be sustained. To the same effect is the holding in Ledford v. Lumber Co., 183 N.C. 614; In re Hardee,187 N.C. 381; Brown v. Tel. Co., 198 N.C. 771; Campbell v. R. R.,201 N.C. 102; Mewborn v. Rudisill, 211 N.C. 544.
The statement of the general rule of law relating to emergencies, as contained in the charge, was in accord with the authorities. Huddy Cyclopedia Auto. Law (9th Ed.), Vol. 3-4, p. 57; Jernigan v. Jernigan,207 N.C. 831.
The exception to the reference in the charge to the mortuary tables cannot be sustained. The judge, after stating what the mortuary table showed as to the plaintiff's expectancy, instructed the jury, "That doesn't mean you ought to say he is going to live 23.8 years, but you may take that into consideration, and then it is for you to say, taking that into consideration, from the evidence, what you find, what you are satisfied, would be the natural expectancy of the plaintiff, in making up your answer to the issue of damages." This does not fall within the condemnation ofTrust Co. v. Greyhound Lines, 210 N.C. 293, and Taylor v. ConstructionCo., 193 N.C. 775.
We have examined the other exceptions noted and find them without substantial merit.
The issues of fact have been determined against the defendant, and in the trial we find
No error. *Page 120