expressions were not even made to plaintiff, but to others. It was an appreciation and intention, but not an obligation. *Dodson v. McAdams,* 96 N. C., 149; *Avitt v. Smith,* 120 N. C., 392."

We think the *Brown case, supra,* similar to the present action. In the judgment we can see no error.

Affirmed.

---

### MARY M. CROOM v. A. W. PETTY.

(Filed 19 April, 1939.)

**Automobiles §§ 13, 18g—**

The evidence tended to show that defendant stopped his automobile in the line of travel of pedestrians at the intersection of streets in a city, and that as plaintiff pedestrian, whose path was thus blocked, attempted to walk behind the car in crossing the street, defendant put the car in reverse without warning, causing the injury in suit. *Held:* The overruling of defendant's motion to nonsuit was not error.

APPEAL by defendant from *Harris, J.,* at February Term, 1939, of WAKE. No error.

This is an action for damages for an injury sustained by the plaintiff through the alleged negligence of the defendant.

The evidence is substantially as follows:

On Saturday, January 29, 1938, at about the hour of five o'clock p.m., the plaintiff was walking along the north sidewalk of Hillsboro Street, going west, in the city of Raleigh, North Carolina. Defendant at said hour of the day was driving his automobile along Harrington Street, going south, and was crossing the intersection with Hillsboro Street. On reaching Harrington Street, which crosses Hillsboro Street at right angles, plaintiff observed the approach of defendant's automobile, which was coming from her right. Defendant stopped his car directly in the line connecting the sidewalks and the course or line of walk followed by pedestrians. As her path was blocked, plaintiff proceeded to walk back of defendant's automobile, and, when she had practically gotten by the same, defendant put his automobile in reverse, and, without signal, ran it backward against the plaintiff, knocking her down and seriously injuring her.

There is further evidence as to the injury received by plaintiff.

At the close of plaintiff's evidence and at the close of all the evidence, defendant moved for judgment of nonsuit, which motion was denied, and defendant appealed.

*Bunn & Arendell* for plaintiff, appellee.
*Carmon J. Stuart, Wm. H. Yarborough, Jr.,* and *J. M. Broughton* for defendant, appellant.

PER CURIAM. A careful examination of the exceptions in this case discloses no error justifying a retrial. The judgment is affirmed. *Johnston v. Johnston,* 118 A. L. R., 233, .279 N. W., 139.

No error.

---

JOHN A. FARRIS v. FIRST CITIZENS BANK & TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF ELLIS THOMAS, DECEASED, J. C. LITTLE, ATTORNEY IN FACT; KEZHAYA THOMAS AND MRS. KEZHAYA THOMAS, HIS WIFE.

(Filed 19 April, 1939.)

**Trial § 47—**

Where the trial court grants plaintiff's motion, aptly made, for a new trial for newly discovered evidence but does so as a matter of law and not as a matter of discretion, the cause will be remanded on appeal in order that the court, at the next succeeding term, may determine the motion as a discretionary matter, the cause having been kept alive by defendants' appeal.

APPEAL by defendants from *Frizzelle, J.,* at January Term, 1939, of WAKE.

Civil action to recover damages for breach of alleged contract.

The court, on the trial below, sustained motion of defendants made at close of plaintiff's evidence for judgment as in case of nonsuit. Plaintiff excepted. During the same term and after judgment of nonsuit had been entered, plaintiff made a motion for new trial on the ground of new evidence discovered during the term. By consent, the matter was heard out of term and out of the district on depositions and affidavits as of the January Term, 1939, of Superior Court of Wake County. After finding certain facts "from the evidence taken thereupon" the court, by judgment 11 March, 1939, "as a matter of law and not as a matter of discretion," set aside the judgment as of nonsuit and ordered a new trial. Defendants appeal therefrom to the Supreme Court, and assign error.

*No counsel contra.*
*J. C. Little* and *P. H. Wilson* for defendants, appellants.