ROBERTA McMILLIAN MOORE, ADMINISTRATRIX OF THE ESTATE OF JAMES ARTHUR McMILLIAN, v. JOHN H. SINGLETON, ARTHUR E. COX, SR., AND HARRY CARROLL, AND FLORENCE CARROLL
AND
MATTIE ESTELLE HALL, ADMINISTRATRIX OF THE ESTATE OF LILLIE MAE HALL v. JOHN H. SINGLETON, ARTHUR E. COX, SR., AND HARRY CARROLL AND FLORENCE CARROLL.

(Filed 10 December, 1958.)

**Automobiles § 35:    Trial § 23f— Nonsuit for variance between allegation and proof held proper.**

Allegations to the effect that one defendant slowed or stopped without giving the statutory signal, presumably to make a left turn at an intersection, that the driver of the car in which plaintiffs' intestates were riding applied his brakes and skidded to the left into the path of the car of the other defendant, approaching from the opposite direction, resulting in the collision, and evidence that when the driver of the car in which intestates were riding applied his brakes he skidded to

his right and that the car approaching from the opposite direction turned to his left side of the highway to avoid the car of the other defendants in the intersection, and collided with the car in which intestates were riding, constitutes a fatal variance between allegation and. proof, and nonsuit was properly entered.

PARKER, J., not sitting.

Upon petition of plaintiffs, this Court granted *certiorari* to review judgments of nonsuit entered by *Craven, S. J.*, at the July, 1958 Civil Term, BUNCOMBE Superior Court.

These two actions for wrongful death were consolidated and tried together. The complaints are substantially identical. The plaintiffs allege their intestates were passengers in an Oldsmobile owned and being driven by Ulysees Moore south on Highway No. 25, near the Town of Fletcher in Henderson County. Immediately in front of the Moore car, and also going south, was a Ford owned by the defendant. Florence Carroll, and driven by the defendant Harry Carroll; that Carroll was negligent in that as he approached the intersection of Highway No. 25 and the Airport Road, he caused his automobile to decrease speed and slow down or stop without giving any signal, thereby placing the Moore car, in which plaintiffs' intestates were riding, in a perilous position; whereupon Moore applied his brakes and his car skidded to the left across the center of the highway into the path of a Chevrolet truck belonging to the defendant Cox, and being driven by defendant Singleton north on Highway No. 25; that when Moore applied his brakes to prevent his striking the Carroll car, his Oldsmobile skidded to the left into the path of the Singleton truck, which struck the Oldsmobile, resulting in the death of plaintiffs' intestates; that Singleton was negligent in that he was driving his car 40 or 45 miles per hour in a 35-mile zone, whereas, if he had been observing the speed limit and been alert, he could have discovered the perilous position in which the Moore car and its occupants were placed in time to have left the road and driven off on the shoulder of the highway, and thereby could have avoided the accident and injury.

According to the evidence offered by the plaintiffs, the accident happened substantially in this manner: The Carroll car slowed down without signal, apparently to make a left turn on the airport road, and, in order to avoid striking it, Moore applied his brakes, whereupon his Oldsmobile skidded to his right; and that Singleton, in order to avoid hitting the Carroll car in the intersection, crossed over to the driver's left and struck the Moore car on Moore's right-hand side of the highway. Neither the Chevrolet nor the Oldsmobile ever came in contact with the Carroll car. The plaintiffs' evidence placed the point of collision as 134 feet north of the intersection. This evidence

apparently placed the Carroll car 134 feet from the point of the accident, and, therefore, out of Moore's way.

The court, at the close of all the evidence, entered judgments of nonsuit by reason of variance between the allegations and the proof. The plaintiffs excepted and appealed.

*S. Thomas Walton, McLean, Gudger, Elmore & Martin, By: Harry C. Martin for plaintiffs, appellants.*

*Harkins, Van Winkle, Walton and Buck for defendants Harry Carroll and Florence Carroll, appellees.*

*Uzzel and Dumont for defendant John H. Singleton, appellee.*

PER CURIAM.  The judgments of nonsuit were entered because of variances between the plaintiffs' allegations of negligence and their proof. The complaints allege the defendants' Carroll were negligent in that the driver slowed down for the intersection without warning or signals; and that Moore (the driver of the car in which plaintiffs' intestates were riding) applied his brakes to keep from striking the Carroll car from the rear, skidded his car out of control, crossed to his left and into the travel lane of the Singleton truck, with the fatal result. The Carroll car did not come in contact either with the Moore car or the Singleton truck. Plaintiffs' evidence placed the collision between the truck and the Moore car at a point 134 feet from and to the north of the intersection and the Carroll car at or near the intersection. The evidence, therefore, would seem to take the Carroll car out of the danger zone and, if the driver were negligent, proof was lacking that such negligence was one of the proximate causes of the accident.

The plaintiffs allege the defendant Singleton, the driver of Cox's Chevrolet truck, was driving 40-45 miles per hour in a 35-mile zone; and that when Moore applied his brakes, his car skidded out of control across the center of the highway into the path of the Singleton truck and in its travel lane; and that Singleton was negligent in that he could and should have observed the perilous position of the Moore car in time to have pulled his truck off the highway to his right and to have avoided the accident. On the other hand, the plaintiffs' evidence tended to show that Moore skidded his car to his right and never at any time crossed in front of the Singleton truck or into its proper lane of travel, but that Singleton, in order to miss the Carroll car in the intersection, negligently crossed over to his left and into the Moore car, stopped, or nearly so, on its proper side of the highway.

Other variances between allegations and the proof appear in the record. However, enough is here recited to show necessity for the non-

suits under authority of *Lucas v. White*, 248 N.C. 38, 102 S.E. 2d 387. Affirmed.

PARKER, J., not sitting.