HAYWOOD GARLAND BUNDY v. JAMES L. BELUE, GREAT SOUTHERN TRUCKING COMPANY, ROBERT SALMON AND HELMS MOTOR EXPRESS, INC.

(Filed 21 September, 1960.)

1. **Automobiles § 21—**

   The failure of a motorist to equip his vehicle with adequate brakes and to maintain the brakes in good working condition, G.S. 20-124(a), or the failure of a motorist to set the brakes when required by statute, G.S. 20-124(b) and G.S. 20-163, is negligence.

2. **Automobiles § 12—**

   A motorist who backs into a highway without taking reasonable precautions to warn and protect others using the highway and without seeing that such movement can be made in reasonable safety is negligent, and it is immaterial whether such movement is intentional or is due to the failure of the motorist to maintain his brakes in good working condition.

3. **Automobiles § 41k— Evidence that vehicle with defective brakes was stopped on shoulder so that it rolled back into the highway held to take issue of negligence to jury.**

   Defendant admitted stopping his vehicle which had defective brakes on a grade on the right shoulder of the highway. Plaintiff's evidence tended to show that after the vehicle was so parked it rolled back into the highway because of the defective brakes, blocking the northbound traffic lane, that the driver of a following vehicle, in the emergency, veered to his left into the southbound lane to avoid the backing vehicle, and collided with plaintiff's vehicle which was traveling south. *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence in parking the vehicle with defective brakes so that it would back into the highway, since injury could have been foreseen as a result of such circumstance.

4. **Pleadings § 28—**

   Plaintiff must prove his case in conformity with the facts alleged as the basis of liability.

**5. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence must be interpreted in the light of his allegations to the extent that the evidence is supported by the allegations, since to interpret the evidence as contradictory to the allegations would compel nonsuit for variance.

**6. Automobiles § 19:    Negligence § 3—**

A person confronted with a sudden emergency is held only to that degree of care which a reasonably prudent man would exercise under like circumstances and he is not chargeable with negligence merely because he fails to make the wisest choice.

**7. Automobiles § 41c— Evidence held insufficient to show negligence in veering to left in emergency caused by another vehicle backing into the highway.**

Plaintiff's evidence tended to show that defendant driver was confronted with a sudden emergency when a tractor-trailer, traveling in front of him on the highway, stopped on the right shoulder of the highway, and then backed into the highway because of defective brakes, that defendant driver, traveling north, in attempting to avoid the backing vehicle, veered to his left into the southbound traffic lane, resulting in a collision with plaintiff's southbound automobile. *Held:* In the absence of evidence that defendant driver drove further to the left than a reasonably prudent man would have done when confronted with a similar emergency, and in the absence of evidence of any unlawful speed on the part of defendant driver, nonsuit should have been allowed on the issue of such defendant's negligence.

APPEALS by plaintiff and defendants Belue and Great Southern Trucking Company from *Morris, J.,* April 1960 Term, of MARTIN.

Plaintiff seeks compensation for injuries sustained in a collision between his automobile and a tractor-trailer owned by Great Southern Trucking Company (hereafter called Great Southern) operated for it by defendant Belue.

The collision occurred about 2:45 a.m. 18 January 1957 on Highway 49 near Denton. At the point of collision, the highway runs north and south. Plaintiff was traveling south. The tractor-trailer of Helms Motor Express, Inc. (hereafter called Helms), operated for it by defendant Salmon, was headed north. Traveling north, a vehicle would ascend a steep grade for a distance of one-half mile before reaching the crest of the hill just below which the collision occurred. A vehicle traveling south would likewise ascend a grade. The evidence does not disclose the length or acuteness of this grade. Highway 49 is a two-lane paved highway, one lane for vehicles traveling north, the other for vehicles traveling south.

Plaintiff in his original complaint alleged the vehicle of each defendant was traveling at an unlawful rate of speed, that the Great

Southern vehicle, in following the Helms vehicle, pulled to its left and into the lane of travel for southbound vehicles when the two were a short distance from the crest of the hill, and that when he came over the crest, the paved portion of the highway was occupied by the defendants, that he pulled to his right, seeking to avoid collision but was unable to do so, notwithstanding the careful manner in which he was operating.

Salmon and Helms demurred to the complaint for that it failed to allege actionable negligence by them. The demurrer was sustained. Plaintiff was permitted to file an amended complaint.

The amended complaint alleged excessive speed by each tractor-trailer and reckless operation of each vehicle. Defendant charged Salmon and Helms with negligence in operating a motor vehicle with defective brakes, a broken air hose; that Salmon, instead of proceeding to the crest of the hill where he could park in safety, pulled to the shoulder of the road a short distance from the crest where he undertook to park; that because of the lack of brakes and the negligent manner in which the vehicle was parked on the incline, it backed into the highway in front of the Great Southern tractor-trailer then in close proximity to it, blocking or partially blocking the northbound lane; that Belue, in trying to pass the backing Salmon truck, negligently traveled further into the southbound lane than was reasonable, and, because of the proximity of the vehicles when Belue pulled into the south lane, plaintiff was unable to avoid the collision.

Each defendant denied the charge of actionable negligence. Each pleaded contributory negligence in that plaintiff was operating his vehicle while under the influence of intoxicating liquors, in excess of the maximum speed permitted by law, and in excess of a reasonable speed under existing conditions.

Defendants Belue and Great Southern alleged they acted in an emergency created by the sudden and unlawful backing of the Helms truck on the highway just in front of their vehicle, that Belue went no further into the southbound lane than was necessary to avoid the Helms vehicle.

At the conclusion of plaintiff's evidence each defendant moved for nonsuit. The motion was allowed as to defendants Salmon and Helms. Plaintiff excepted and appealed.

The motion of defendants Belue and Great Southern was overruled. They did not offer evidence. Issues relating to the asserted negligence of Belue and Great Southern, contributory negligence of

plaintiff, and damages were submitted to the jury. The issues were answered in favor of plaintiff. Judgment was entered on the verdict and these defendants appealed.

The evidence necessary to a determination of the appeals is set out in the opinion.

*Peel and Peel for plaintiff.*
*Griffin & Martin for Robert Salmon and Helms Motor Express, Inc.*
*Battle, Winslow, Merrell, Scott & Wiley for James L. Belue and Great Southern Trucking Company.*

RODMAN, J. Plaintiff's Appeal. That plaintiff sustained serious injuries in the collision is not controverted. Hence this appeal presents only these questions: (1) Is there evidence which will permit but not compel a jury finding of actionable negligence by Salmon and Helms? (2) Does the evidence compel the conclusion that plaintiff negligently contributed to the collision and resulting injuries?

Plaintiff testified that he was traveling south on his way to Charlotte from his home in Williamston. He had stopped in Raleigh for supper. He was driving a new Buick and had not exceeded 55 m.p.h. anywhere on the trip. As he traveled up the hill he could see the reflection of headlights on the other side of the hill but could not tell how many until he reached and passed the crest of the hill. When he reached the crest of the hill, he was traveling 40 to 45 m.p.h. He then saw the two approaching vehicles, one in the east lane (correct side for vehicles going north), the other in plaintiff's lane attempting to pass the easternmost vehicle. He recognized these vehicles as tractor-trailers, or large trucks by their body lights. The vehicle in plaintiff's lane was "trying his best to get back in his line of traffic, pass the other truck and get back in his line of traffic." Plaintiff thought the driver of the approaching truck would succeed in his attempt to pass and get into the proper lane. The tractor portion did so, but the trailer portion did not clear plaintiff's lane, and he was unable to avoid striking the rear portion of the trailer. Plaintiff did not immediately apply his brakes when he passed the crest and saw the approaching vehicle.

To supplement his own testimony, plaintiff called defendant Belue as a witness. Belue testified: He first saw the Helms truck when he was ascending the hill. It was a quarter of a mile away, parked or stopped on the east shoulder of the road about one foot from and parallel with the paved portion. It was 100 to 150 yards south of the crest of the hill. When he was 50 feet south of the Helms truck, it,

without warning, began backing into the paved portion and directly in his line of travel. He was traveling at that time about 20 m.p.h. To avoid a collision he pulled to his left and partially into the west lane. Plaintiff suddenly appeared over the hill as the witness was passing the Helms truck. Witness sought to get his vehicle back into the east lane. He succeeded except for the rear portion of the trailer. When Belue passed the Helms truck, it continued backing into and completely across the highway. Plaintiff was traveling 70 m.p.h when he crested the hill and did not reduce his speed before colliding with the trailer.

The highway patrolman who investigated the accident, a witness for plaintiff, expressed the opinion on cross-examination that plaintiff was under the influence of intoxicating liquors. Plaintiff denied this testimony, testifying that he had not consumed any alcoholic beverage for several years.

Defendants Salmon and Helms, in their answer, admit the failure of the brakes on their vehicle and because of such failure parking the vehicle on the shoulder of the road. They allege the entire paved area was free of any obstruction created by it and deny any backing of their vehicle.

Motorists are required to equip their vehicles with adequate brakes and to maintain these brakes in good working condition, G.S. 20-124(a). When a vehicle is parked, our statutes require a setting of the brakes, G.S. 20-124(b), G.S. 20-163. A violation of these statutes is negligence. *Arnett v. Yeago*, 247 N.C. 356, 100 S.E. 2d 855.

One who backs a vehicle into a highway without taking reasonable precautions to warn and protect others using the highway and without seeing that such movement can be done in reasonable safety is negligent. *Clark v. Emerson*, 245 N.C. 387, 95 S.E. 2d 880; *Murray v. Wyatt*, 245 N.C. 123, 95 S.E. 2d 541; *Gentile v. Wilson*, 242 N.C. 704, 89 S.E. 2d 403; *Adams v. Service Co.*, 237 N.C. 136, 74 S.E. 2d 332; *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330; *Croom v. Petty*, 215 N.C. 465, 2 S.E. 2d 374.

While defendants Salmon and Helms admit parking on an incline with defective brakes, they deny any movement by their vehicle. Plaintiff's evidence, if accepted by the jury as true, is sufficient to establish such movement and a movement in an unsafe manner. If such an unsafe movement was made, it is immaterial whether it was an intentional movement or was caused by the defective brakes. The operator could have foreseen Belue's effort to avoid the backing truck, throwing him into the lane of southbound traffic.

There is a conflict in the evidence with respect to the facts pleaded as contributory negligence.

Plaintiff is entitled to have a jury ascertain the facts on the issues arising on the pleadings.

On plaintiff's appeal: Reversed.

Defendants' Appeal.

The theory on which plaintiff originally sought to hold Belue and Great Southern responsible for his injuries was the asserted negligent attempt by Belue to pass the Helms vehicle moving in the same direction in violation of G.S. 20-150. When plaintiff filed his amended complaint charging the Helms vehicle with a negligent backing into the highway in front of the approaching Great Southern truck, he abandoned his original theory of the case. He alleged facts creating a sudden emergency confronting Belue and sought to hold Belue and Great Southern liable on his allegation that Belue should have known of plaintiff's approach and with that knowledge went further into plaintiff's line of travel than was reasonably necessary to avoid the backing Helms vehicle.

The evidence conforms to the allegation in the amended complaint with respect to the asserted negligence of Salmon and Helms and is sufficient to require submission to the jury as held in plaintiff's appeal.

Plaintiff must prove his case in conformity with the facts he alleges to create liability. *Moore v. Singleton,* 249 N.C. 287, 106 S.E. 2d 214; *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610; *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387; *Calloway v. Wyatt,* 246 N.C. 129, 97 S.E. 2d 881. He is entitled to have his testimony interpreted in the light of his allegations if fairly susceptible to such an interpretation. Plaintiff's testimony that when he came over the crest of the hill the lights of one vehicle indicated it was in the northbound lane and the lights of the other vehicle in the southbound lane, interpreted in the light of plaintiff's allegation, serves to support and corroborate the testimony of Belue that Salmon had backed into the highway, forcing Belue into the other lane. It should not be construed to mean that both vehicles were proceeding northwardly and in so proceeding Belue had negligently attempted to pass the Helms vehicle. Such interpretation would be in contradiction of his allegations, and if the correct interpretation of his testimony, would defeat his right to recover from either because of the material variance between the evidence and the allegations of the amended complaint.

When one is suddenly confronted with an emergency, he is only

held to that degree of care which a reasonably prudent man would exercise under like circumstances. He is not chargeable with actionable negligence merely because he fails to make the wisest choice. *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383; *O'Kelly v. Barbee,* 223 N.C. 282, 25 S.E. 2d 750; *Bullock v. Williams,* 212 N.C. 113, 193 S.E. 170; *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562.

Plaintiff's evidence did not support his allegation that Belue drove further to the left under the existing conditions than a reasonably prudent man would have done nor did he offer evidence of unlawful speed by Belue. Since he failed to offer evidence on which a jury could find actionable negligence by Belue, it follows that the motion to nonsuit made by Belue and Great Southern should have been allowed.

On defendants' appeal

Reversed.