JAMES L. VICKERS v. C. R. RUSSELL AND T. L. McDANIEL.

(Filed 23 November, 1960.)

**1. Pleadings § 28—**

Plaintiff's proof must conform to his allegations, since proof without allegation is ineffectual.

**2. Automobiles § 41a—**

Plaintiff passenger's allegations were to the effect that his injuries resulted from a collision occurring when one defendant turned left to enter an intersecting street and collided with the car in which plaintiff was riding, and which was driven by the other defendant, as this defendant was attempting to pass at the intersection. Plaintiff's evidence tended to show that the car in which he was riding stopped suddenly and that the collision occurred when the other car, which had started to turn left and had stopped, rolled backward down a steep grade and struck the car in which plaintiff was riding. *Held:* Nonsuit for variance was proper.

**3. Trial § 23f—**

Where there is a material variance between plaintiff's allegations and proof, nonsuit is proper.

APPEAL by plaintiff from *Johnston, J.,* April Term, 1960, of DAVIDSON.

Personal injury action instituted March 28, 1959, growing out of a collision in Thomasville, N. C., on June 16, 1958, about 5:30 p.m., between a 1946 Chevrolet owned and operated by defendant McDaniel and a 1951 Chevrolet owned and operated by defendant Russell. Plaintiff, a guest passenger in the McDaniel car alleges the collision and his injuries were proximately caused by the joint and concurring negligence of defendants.

According to plaintiff's allegations in original complaint, the factual situation on which the allegations of negligence are based was, in substance, as follows:

Both cars were traveling west on East Main Street, the McDaniel car following the Russell car "very closely," as they approached the "T" intersection where Connell Crossing Street extends south from East Main. Russell was driving "on his extreme right hand side . . . within a few feet of the curb," and McDaniel was driving "in the center . . . with the left wheels . . . a few feet over the center thereof to his left." McDaniel "was attempting to pass . . . Russell as they approached said intersection and . . . Russell, without giving any signal whatsoever, attempted to make a left turn into . . . Connell Crossing Street before he reached the center of the intersection, and immediately thereafter the left front of . . . McDaniel's automobile and the rear of . . . Russell's automobile violently collided, at which time plaintiff was thrown about the interior of . . . McDaniel's automobile and his head and shoulders were struck," and plaintiff was severely and permanently injured.

Plaintiff alleged McDaniel was negligent in that: (a) In violation of G.S. 20-152, McDaniel was following the Russell car more closely than was reasonable and prudent. (b) In violation of G.S. 20-150, McDaniel was attempting to overtake and pass the Russell car at said intersection.

Plaintiff alleged Russell was negligent in that: (a) In violation of G.S. 20-154, Russell made a left turn from a direct line without first seeing that such movement could be made in safety and without giving any signal of his intention to make such turn. (b) In violation of G.S. 20-153, Russell, intending to make a left turn into Connell Crossing Street, did not approach the intersection in the traffic lane to the right of and nearest to the center of East Main Street and did not pass beyond the center of the intersection and to the right thereof before turning his car to the left.

Plaintiff alleged (in general terms) that each defendant operated his automobile carelessly and heedlessly, in wilful and wanton disregard of the rights and safety of others, and without due caution and circumspection, and at a speed and in a manner so as to endanger or be likely to endanger persons and property upon said streets.

McDaniel, answering, denied negligence on his part and alleged the collision was caused solely by the negligence of Russell. McDaniel's factual allegations, in substance, are as follows: Proceeding south on Connell Crossing Street, there is a sharp incline leading up to the railroad tracks. Russell made a sudden left turn into Connell Crossing Street from East Main without giving any signal and "as he started up the sharp incline, his automobile suddenly came to a stop

and immediately rolled backwards into the intersection," the rear end of the Russell car crashing into the left front of the McDaniel car. Upon observing the Russell car backing towards him, McDaniel "immediately turned to his right but was unable to avoid being struck by the Russell automobile."

As a further defense, McDaniel pleaded as an estoppel the judgment roll in a prior action instituted in the Superior Court of Davidson County on August 30, 1958, in which the plaintiff herein had sued the defendants herein for damages for personal injuries caused by said accident of June 16, 1958. McDaniel attached to and made a part of his answer copies of the papers alleged to constitute said judgment roll. It appears therefrom that, in said prior action, a demurrer by McDaniel to the complaint was sustained November 1, 1958; that the plaintiff did not appeal or except; that McDaniel was not required to file and did not file an answer to the complaint but was required to answer and did answer Russell's cross complaint against McDaniel for contribution under G.S. 1-240; and that judgment of voluntary nonsuit was entered on March 28, 1959, the day on which plaintiff instituted the present action.

Russell, answering herein, denied negligence on his part and alleged the collision was caused solely by the negligence of McDaniel. Russell's factual allegations, in substance, are as follows: The McDaniel car was following the Russell car very closely. While traveling in his right lane on East Main Street, Russell slowed his car, gave a proper signal for a left turn and brought his car almost to a complete stop before making the left turn in order to allow an automobile approaching (eastbound) on East Main Street to pass. When this occurred, the McDaniel car ran into the rear of the Russell car. Russell's answer contains a cross complaint against McDaniel for contribution under G.S. 1-240.

After defendants had answered, plaintiff was permitted to file an amendment to complaint in which he alleged: "5A. That when plaintiff was first thrown about the interior of defendant McDaniel's automobile as aforesaid, his head and shoulders struck the right front windshield and dash board of the same, which occurred when said automobile first came to a sudden stop; that plaintiff was momentarily dazed or knocked unconscious, during which time he was unable to see for a few moments; that the force and momentum which first dazed or knocked plaintiff unconscious occurred at the time of the collision or a moment before the collision when defendant McDaniel's automobile first came to a sudden stop." Except as amended, plaintiff adopted and ratified his original complaint.

At the conclusion of plaintiff's evidence, the court, allowing the motion of each defendant therefor, entered judgment of involuntary nonsuit as to both defendants and dismissed the action at the cost of plaintiff. Plaintiff excepted and appealed.

*W. H. Steed for plaintiff, appellant.*
*Walser & Brinkley for defendant Russell, appellee.*
*Smith, Moore, Smith, Schell & Hunter for defendant McDaniel, appellee.*

BOBBITT, J.   A plaintiff must make out his case *secundum allegata.* He cannot recover except on the case made by his pleading. Proof without allegation is no better than allegation without proof. *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786, and cases cited.

The gist of plaintiff's factual allegations in original complaint is that (1) plaintiff "was thrown about the interior of . . . McDaniel's automobile" and injured when the left front of the McDaniel car "violently collided" with the rear of the Russell car, and (2) this occurred immediately after Russell attempted to make a left turn into Connell Crossing Street.

In the amendment, plaintiff did not delete any of his original allegations nor did he add to his original specifications of negligence, but alleged he "was first thrown about the interior of . . . McDaniel's automobile . . . when said automobile first came to a sudden stop," and that "the force and momentum which first dazed or knocked plaintiff unconscious occurred at the time of the collision *or* a moment before the collision when . . . McDaniel's automobile first came to a sudden stop." (Our italics.)

The amendment does not allege that McDaniel suddenly and negligently stopped his car *prior to collision with the Russell car* and on account thereof plaintiff was "thrown about the interior of McDaniel's automobile" and injured. Indeed, if the amendment were construed as containing such allegation, the equivocal allegations of the amendment would be in direct conflict with the plain and explicit allegations of the original complaint.

Uncontradicted evidence tended to show:

East Main Street is thirty feet wide. It has no marked center line. Connell Crossing Street, approximately twenty feet wide, "comes to a dead end" at East Main. Railroad tracks cross Connell Crossing Street approximately twenty-five feet (south) from the south curb of East Main. The elevation of Connell Crossing Street at the railroad tracks is five or six feet higher than its elevation at East Main.

Plaintiff's wife, a sister of McDaniel, and two Vickers children, ages nine and eleven, were also guest passengers in the McDaniel car. Mrs. Vickers was on the front seat, between McDaniel, the driver, and plaintiff.

The "left front corner" of the McDaniel car was damaged, *i.e.,* the left front fender, the headlight and part of the grille. The "front of the rear bumper" and the trunk of the Russell car were damaged.

Russell alleged his car was struck by the McDaniel car while he was waiting, almost completely stopped, for an approaching (eastbound) car to pass before he made a left turn into Connell Crossing Street. In this connection, it is noted that plaintiff alleged the collision occurred immediately after Russell "attempted" to make a left turn into Connell Crossing Street.

According to McDaniel's allegations, Russell completed a left turn into Connell Crossing Street and the collision occurred when the Russell car rolled backwards, down the sharp incline, the rear thereof striking the front of the McDaniel car. In this connection, it is noted that the complaint contains no allegation to the effect that a collision occurred in this manner.

McDaniel, *offered by plaintiff,* testified the collision occurred in the manner he had alleged; and both plaintiff and plaintiff's wife *testified* that the Russell car, having entered Connell Crossing Street, rolled back into the intersection and collided with the McDaniel car. As Mrs. Vickers expressed it: "Russell . . . pulled up here and must have stopped, and then he shot back and hit the left front fender of the McDaniel car." Under this testimony, the negligence of Russell in backing his car or permitting it to roll backwards into the intersection was the proximate cause of its collision with the McDaniel car. But the complaint contains no allegation that Russell was negligent in this respect or that the collision occurred in this factual situation.

As to McDaniel, plaintiff and his wife testified in substance: McDaniel "suddenly stopped" his car. When this occurred, plaintiff was thrown into the windshield and momentarily dazed. Thereafter, the Russell car rolled back from Connell Crossing Street and struck the (stopped) McDaniel car. As indicated above, negligence of McDaniel, if any, in suddenly stopping his car *prior to collision with the Russell car* was not alleged. It is noted that plaintiff, on cross-examination, testified: "The first time I ever said anything about McDaniel's car coming to a sudden stop was in here on the witness stand today."

In addition, plaintiff testified: "My belief is there were two collisions. The first one when the McDaniel car came to a sudden stop. The front of the McDaniel car hit the Russell car, and it went forward up the incline, and the Russell car rolled back down and collided with the left front of the McDaniel car and knocked the hood open." But this testimony as to plaintiff's belief there were two collisions was stricken by the court in view of plaintiff's further testimony, in the absence of the jury, that the only collision he saw occurred when the Russell car backed into the McDaniel car and the only reason he had *to believe* there had been a prior collision was the fact that the McDaniel car "suddenly stopped." Plaintiff did not except to this ruling. Moreover, there is no allegation that more than one collision occurred.

There is testimony tending to show that each of the defendants was negligent in certain of the respects alleged by plaintiff. Whether such alleged negligence is related to plaintiff's injuries as a proximate cause thereof depends upon the basic factual situation. As indicated above, plaintiff's evidence tends to establish a basic factual situation at variance in material respects from that alleged. Nothing appears to indicate that plaintiff moved for leave to amend his complaint to conform to the evidence offered by him at trial.

Confronted by the material variance betweeen plaintiff's allegations and proof, the court below properly entered judgment of involuntary nonsuit. *Lucas v. White,* 248 N.C. 38, 42, 102 S.E. 2d 387, and cases cited; *Moore v. Singleton* and *Hall v. Singleton,* 249 N.C. 287, 106 S.E. 2d 214. As stated by *Winborne, C. J.,* in *Lucas v. White, supra:* "The court cannot take notice of any proof unless there is a corresponding allegation."

It is noted that judgment of involuntary nonsuit for material variance between *allegata* and *probata* does not preclude plaintiff from instituting a new action.

In view of the basis of decision, it is unnecessary to consider plaintiff's assignment of error directed to the overruling by the court of plaintiff's demurrer to McDaniel's further defense based on alleged estoppel.

Affirmed.