DAVID HALL, PLAINTIFF, v. ZELMA FARRISH POTEAT AND ROBERT L. SATTERFIELD, GUARDIAN AD LITEM OF CHARLIE JENNINGS, JR., ORIGINAL DEFENDANTS. — AND — DONALD M. TERRELL, BY HIS GUARDIAN AD LITEM MRS. EVELYN TERRELL, ADDITIONAL DEFENDANT.

(Filed 15 June 1962.)

**1. Pleadings § 28—**

    In order to be entitled to recover, plaintiffs allegation and proof must correspond without material variance, and whether a variance is material must be determined upon the facts of each particular case.

**2. Automobiles § 41a—  Nonsuit for variance held proper in this case.**

When plaintiff's action is based upon allegations of the complaint, as amended, to the effect that defendant drove his vehicle, without lights, from the right shoulder of the road into plaintiff's lane of travel, without signal and without keeping a proper lookout, so suddenly and so immediately in front of plaintiff's vehicle that plaintiff, faced with oncoming traffic, could not stop before striking the rear of defendant's vehicle, but plaintiff's evidence is to the effect that defendant's vehicle was standing, without lights, blocking plaintiff's lane of travel, and that plaintiff could not stop before hitting the vehicle, there is a fatal variance between the allegation and proof, and defendant's evidence to the effect that defendant's car had been driven onto the highway cannot aid plaintiff when defendant's evidence is further to the effect that his vehicle had entered and proceeded for some distance along the highway before it was struck by plaintiff's vehicle.

**3. Judgments § 33—**

A judgment of nonsuit for variance between allegation and proof does not preclude plaintiff from instituting a new action.

APPEAL by plaintiff from *Williams, J.,* September-October 1961 Regular Civil Term of ORANGE.

Civil action growing out of a collision that occurred April 2, 1960, between 10:00 and 10:30 p.m. on (east-west) U. S. Highway #70, a mile or so west of the corporate limits of Hillsboro, between a 1959 Ford, owned and operated by plaintiff, and a 1952 Ford operated by defendant Jennings.

Plaintiff's action, to recover for the damage to his 1959 Ford caused by said collision, is against defendants Jennings and Poteat. Plaintiff alleged the negligence of Jennings was the sole proximate cause of the collision and of the damages he sustained. He alleged defendant Poteat was the owner of the 1952 Ford; that Jennings was operating it "with her full and express consent and as agent for her"; and that all acts of negligence on the part of defendant Jennings are imputed to defendant Poteat "by reason of the above-mentioned agency relationship."

The paved highway had a broken white line down the center. Each of the two traffic lanes, the north lane for westbound traffic and the south lane for eastbound traffic, was eleven feet wide. Both cars were in the north lane, headed west. Plaintiff's 1959 Ford struck the rear of the 1952 Ford.

The facts alleged by plaintiff, summarized or quoted, are as follows: Plaintiff was operating his 1959 Ford in a careful, prudent and lawful manner, when "suddenly" the 1952 Ford operated by Jennings "pulled onto the highway from the right-hand shoulder directly into plaintiff's path." Plaintiff "had absolutely no time in which to stop his vehicle

before striking" the 1952 Ford. "(B)ecause of the suddenness" of the appearance of the 1952 Ford in plaintiff's lane of traffic and also "because of the fact . . . a large transport truck was coming down the highway in an opposite direction," plaintiff had no opportunity to pull to his left to avoid a collision. Plaintiff applied his brakes and made every effort to avoid a collision but "the sudden appearance of (the 1952 Ford) on the highway made the same impossible and plaintiff struck (the 1952 Ford) thus causing the damage the plaintiff complains of herein." Prior to pulling the 1952 Ford onto the highway from the right-hand shoulder of the road, Jennings "failed to give a proper hand signal or mechanical signal and pulled onto the highway in such a sudden and reckless manner that plaintiff, coming down the highway, was absolutely unable to avoid colliding with him."

Based on these factual allegations, plaintiff, in paragraph 7 of his complaint, specified the respects in which Jennings was negligent "at the time of and immediately preceding the said collision." (1) Plaintiff alleged (in general terms) that Jennings operated the 1952 Ford carelessly and heedlessly, in wilful and wanton disregard of the rights and safety of others, and without due caution and circumspection, and at a speed and in a manner so as to endanger persons and property, in violation of G.S. § 20-140. (2) Plaintiff alleged (in general terms) that Jennings operated the 1952 Ford without keeping a careful and proper lookout. (3) Plaintiff alleged Jennings "pulled onto a highway from the right-hand shoulder without giving a proper mechanical or hand signal indicating his intention to do so . . ."

In a joint answer, the original defendants, Jennings and Poteat, denied all essential allegations of the complaint; alleged the negligence of plaintiff was the sole proximate cause of the collision referred to in the complaint; pleaded plaintiff's contributory negligence in bar of his right to recover; and alleged a cross action for contribution under G.S. § 1-240 against defendant Terrell.

In said cross action, the original defendants, in brief summary, alleged: Immediately after the collision referred to in the complaint, defendant Terrell, operating an automobile in said lane for westbound traffic in the negligent manner particularly set forth, crashed into the rear of plaintiff's 1959 Ford and knocked it into the 1952 Ford. Defendant Terrell, answering the cross action of the original defendants, denied all the essential allegations thereof and alleged the (second) collision was caused solely by the negligence of defendant Jennings or by the joint and concurrent negligence of Jennings and of plaintiff. (Note: The complaint does not refer to the second collision.)

When the case was called for trial, the court, over objection by original defendants, permitted plaintiff to amend paragraph 7 of the

complaint by inserting therein a new sub-paragraph, to wit: "(4) He (Jennings) drove his automobile on a public highway in the State of North Carolina during the nighttime without any lights on his automobile in violation of and contrary to the laws of the State of North Carolina."

The evidence offered by plaintiff consisted of his own testimony and of the testimony of State Highway Patrolman Parnell and of Deputy Sheriff Gilmore. At the conclusion thereof, the court denied the motion of the original defendants for judgment of nonsuit. Thereupon, the original defendants offered evidence, consisting of the testimony of Henry Atkinson Jennings, a brother of defendant Jennings, and the testimony of defendant Poteat. No evidence was offered by defendant Terrell.

At the conclusion of all the evidence, the original defendants renewed their motion for judgment of nonsuit as to plaintiff's action, and the additional defendant moved for judgment of nonsuit as to the cross action alleged against him by original defendants.

The court entered judgment "that the plaintiff be, and he is hereby nonsuited, and that said case be, and it is hereby dismissed, and the cross action against the additional defendant be dismissed, and that the defendants recover of the plaintiff the costs, to be taxed by the Clerk." Plaintiff excepted and appealed.

*Booth, Osteen, Upchurch & Fish for plaintiff appellant.*
*Haywood & Denny and George W. Miller, Jr., for original defendants, appellees.*

BOBBITT, J. The rule is well established that judgment of nonsuit is proper when there is a fatal variance between a plaintiff's *allegata* and *probata*. Proof without allegation is no better than allegation without proof. A plaintiff must make out his case *secundum allegata*. He cannot recover except on the case made by his pleading. *Vickers v. Russell*, 253 N.C. 394, 117 S.E. 2d 45; *Lucas v. White*, 248 N.C. 38, 102 S.E. 2d 387; *Poultry Co. v. Equipment Co.*, 247 N.C. 570, 101 S.E. 2d 458, and cases cited. Whether the variance is to be deemed material (fatal) must be resolved in the light of the facts of each case. *Spaugh v. Winston-Salem*, 249 N.C. 194, 197, 105 S.E. 2d 610.

The ground on which the court granted the motion of original defendants for judgment of nonsuit does not appear. However, as indicated below, plaintiff's evidence tends to show a basic factual situation different from that alleged in the complaint.

The sole proximate cause of the (first) collision, according to plaintiff's positive and repeated allegations, was the fact that Jennings,

without giving a proper hand or mechanical signal and without keeping a proper lookout, *suddenly* drove the 1952 Ford from the right-hand shoulder into the lane for westbound traffic *directly* into plaintiff's path when plaintiff had *absolutely no time* in which to stop and avoid striking the 1952 Ford. Nothing in the *original* complaint suggests there were no lights on the 1952 Ford or that plaintiff did not see it when it made such sudden movement from the right-hand shoulder into the lane for westbound traffic.

The amendment, permitted "prior to the reading of the pleadings," alleged Jennings drove the 1952 Ford "on a public highway . . . during the nighttime without any lights on his automobile . . ." This amendment, permitted over their objection, advised original defendants for the first time plaintiff contended there were no lights on the 1952 Ford. Be that as it may, while the amendment alleged a new specification of negligence, it did not amend in any manner plaintiff's original factual allegations as to the proximate cause of the collision.

According to plaintiff's testimony: The 1952 Ford was twenty to thirty feet in front of him, "sitting still," when he first saw it. It had no lights. Plaintiff "had in mind" to pull out and pass the 1952 Ford but did not do so because a tractor-trailer, then two hundred feet away, was approaching in the lane for eastbound traffic. He decided to stop, put on his brakes and struck the rear of the 1952 Ford. "The car (presumably plaintiff's 1959 Ford) was not damaged greatly in the first collision."

Plaintiff's positive and repeated *testimony* is that the 1952 Ford was stopped, without lights, in the lane for westbound traffic when he first saw it. Nothing in his testimony supports his positive and repeated factual *allegations* that Jennings, without giving a proper hand or mechanical signal and without keeping a proper lookout, *suddenly* drove the 1952 Ford from the right-hand shoulder onto the lane for westbound traffic directly into plaintiff's path.

There was evidence the 1952 Ford, prior to the (first) collision, had been on the right shoulder. Parnell testified to statements made by defendant Jennings at the scene of the collisions. Jennings then stated, according to Parnell, that he pulled onto the right-hand shoulder where two passengers in his car got out; that his lights were on; that, when he pulled back onto the highway, he saw plaintiff's lights some two hundred to three hundred feet back; and that "he was driving 20 to 25 miles per hour when the Hall car ran into his car." Jennings' brother, a defense witness, testified that, when he and another passenger got out of the 1952 Ford, defendant Jennings drove off, headed west; and that he and his fellow passenger had walked east on their left side of the highway about 150 feet when he heard the noise from

the (first) collision. In this connection, the fact that this evidence tends to contradict the testimony of plaintiff is immaterial. The significant fact is that it tends to show defendant Jennings had entered upon the lane for westbound traffic when plaintiff was an appreciable distance away and had proceeded some distance therein before the 1952 Ford was struck by plaintiff's 1959 Ford. Hence, this evidence does not support plaintiff's factual allegations with reference to the proximate cause of the first collision.

The evidence with reference to the second collision is not pertinent to this appeal. Nor do we deem it necessary to review the evidence pertinent to whether plaintiff was guilty of contributory negligence as a matter of law. Decision is based on the ground there is a material and fatal variance between plaintiff's factual allegations as to the proximate cause of the (first) collision and plaintiff's evidence with reference thereto.

Conceding plaintiff's testimony, when considered in the light most favorable to him, was sufficient to support a finding that the (first) collision was proximately caused by the negligence of defendant Jennings, it was not sufficient to support a finding that it was proximately caused by the negligence of the original defendants *as alleged in the complaint.* "Plaintiff must prove his case in conformity with the facts he alleges to create liability." *Bundy v. Belue,* 253 N.C. 31, 116 S.E. 2d 200. Confronted by the material variance between plaintiff's allegations and proof, the court below properly entered judgment of involuntary nonsuit.

It is noted that judgment of involuntary nonsuit for material variance between *allegata* and *probata* does not preclude plaintiff from instituting a new action. *Vickers v. Russell, supra.*

In view of the ground of decision, we need not consider whether the complaint sufficiently alleges that defendant Jennings was the agent of defendant Poteat "at the time and in respect of the very transaction out of which the injury arose." *Whiteside v. McCarson,* 250 N.C. 673, 678, 110 S.E. 2d 295, and cases cited; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911, and cases cited; *Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427, and cases cited.

On the ground stated, the judgment of involuntary nonsuit, as to plaintiff's action against the original defendants, is affirmed. It is noted that the additional defendant is not a party to this appeal.

Affirmed.