## WILSON TAYLOR v. E. B. GARRETT COMPANY, INC.

(Filed 11 December 1963.)

**Automobiles § 41a—**

Allegations that defendant's truck, approaching from the opposite direction, suddenly swerved into plaintiff's lane of travel, but with evidence that defendant's truck was moving slowly behind an unlighted truck and that defendant's truck had its left wheel some two to two and one-half feet to the left of the centerline of the highway, and that plaintiff ran into the wheel, held to warrant nonsuit for variance.

APPEAL by plaintiff from *Crissman, J.*, April 15, 1963 Civil Session of GUILFORD.

Plaintiff seeks compensation for personal injuries and property damage sustained when the automobile owned and operated by him collided with a truck-trailer owned and operated by defendant near Holly Hill, S. C., on 10 May 1959.

At the conclusion of plaintiff's evidence the court allowed defendant's motion for nonsuit. Plaintiff appealed.

*Everett, Everett & Everett by Robinson O. Everett for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols by William D. Caffrey for defendant appellee.*

PER CURIAM. To impose liability plaintiff alleged and defendant admitted: Plaintiff was traveling south and defendant's truck was going north on Highway 15; the collision occurred at night; plaintiff ran into defendant's truck and as a result of the collision turned over. To hold defendant responsible for the collision, plaintiff alleged and defendant denied: "Just as the plaintiff's car passed in the opposite direction, the rear portion of the defendant's truck suddenly and without notice swerved across the center line of the highway into the plaintiff's lane and collided with the plaintiff's car.

"Because it was night time and because he had no notice that the defendant's truck or any part thereof would move across the center lane and move into the southbound lane of Highway 15, the plaintiff, who was driving his car at the time, and who was driving carefully and prudently and in the southbound lane, had no opportunity to avoid the collision."

As an additional defense defendant alleged contributory negligence of plaintiff in that he operated his vehicle at an unlawful rate of speed and on the wrong side of the road.

Plaintiff testified the collision occurred on a two-lane concrete road 27 to 30 feet wide; the center of the road was marked by a yellow line; the terrain was flat; the collision occurred just as plaintiff was entering a slight curve to his right; he was traveling 50 m.p.h.; as he entered the curve, he had his bright lights on; he saw some 25 to 35 feet (or 50 to 60 feet as he later testified) ahead of him an unlighted truck-trailer in the northbound lane; it was either stopped or moving very slowly; he did not collide with that vehicle but collided with defendant's truck which was behind but very close to the unlighted truck; the headlights were burning on defendant's truck but could only be seen under the unlighted truck, causing plaintiff to think the unlighted truck was on fire; the left rear wheel of defendant's truck was some two to two and one-half feet across the center line of the road; plaintiff ran into the wheel of the truck which was on the wrong side of the road; this caused him to lose control and his vehicle to turn over.

Defendant forcibly argues the evidence offered by plaintiff (defendant offered none) establishes contributory negligence as a matter of law. We do not find it necessary to decide that question. Plaintiff, if he is to recover, must do so by proving the allegations of his com-

plaint. There he alleges a sudden swerving of defendant's truck into his line of travel, a sudden emergency. He offers no evidence to establish that fact, but does testify to other facts which, under the South Carolina statutes, might constitute negligence.

The court, because of plaintiff's failure to establish defendant's negligence as alleged, properly allowed the motion for nonsuit. *Hall v. Poteat,* 257 N.C. 458, 125 S.E. 2d 924.

Affirmed.