WORTH WARDSWORTH THREADGILL, MINOR, BY HIS NEXT FRIEND, WORTH JAMIE THREADGILL v. MARK LINSON KENDALL.

(Filed 11 November, 1964.)

**Automobiles § 41a;   Pleadings § 28—**

Where plaintiff alleges that he was riding his bicycle in his proper traffic lane and that the collision was caused by defendant's wrongful use of that lane, but his proof is that defendant was in defendant's proper lane and only left it to avoid a collision made imminent by plaintiff's turning from

the shoulder of the highway across defendant's lane of travel, nonsuit for variance is proper.

APPEAL by plaintiff from *Armstrong, J.,* May 11, 1964, Civil Session of STANLY.

Plaintiff, a 10 year old boy, seeks by this action compensation for personal injuries resulting from the alleged negligent operation of defendant's automobile.

Plaintiff alleged he was, on the afternoon of April 4, 1964, riding his bicycle "in a northerly direction over and along the traffic lane of North Carolina Highway No. 1901, provided for northbound traffic * * * when struck by the right front and right front fender of * * * [an] automobile owned and operated by the defendant over and along said highway in a southern direction." He amplifies and particularizes the negligence of defendant, which entitles him to compensation. He charges: (1) Unreasonable speed; (2) failure to decrease speed; (3) driving "in the left lane of traffic, in violation of Section 20-146 of the General Statutes"; (4) failing "to give to the plaintiff and the bicycle ridden by him one-half of the main-traveled portion of the highway and to pass on the right"; (5) failing to keep a proper lookout.

At the conclusion of plaintiff's evidence, the court, on motion of defendant, entered a judgment of nonsuit. Plaintiff, having excepted, appealed.

*D. D. Smith and Hobart Morton for plaintiff.*
*Richard L. Brown, Jr., for defendant.*

PER CURIAM. The evidence suffices to show these facts: The collision occurred on a rural road. It is paved. The paved area is 23 feet wide. The center line is painted, dividing the paved area into one lane for northbound traffic; the other for southbound. On each side of the road are shoulders four or more feet in width.

The collision occurred about one mile south of Albemarle, in or just north of a valley. The distance from the low point in the road to the crest of the hill to the north is 300 feet, and a similar distance to the crest of the hill to the south. The road is straight. There are no signs limiting the speed at which vehicles may travel. There are no intersecting highways in the immediate vicinity, although there is a private drive on the west side of the highway. Defendant, traveling south at 45 miles per hour, was in the western, defendant's right hand lane. Plaintiff was riding his bicycle on the shoulder on the west side of the

highway. Plaintiff turned to his right in front of defendant's automobile. When plaintiff turned into the paved portion of the highway, defendant turned to his left to avoid a collision, but was unable to do so.

Plaintiff, to recover, must offer proof of the negligence alleged. Plaintiff alleges he was riding in his proper traffic lane; the collision was caused by defendant's wrongful use of that lane. His proof is that defendant was in his proper lane and only left it to avoid a collision made imminent by plaintiff's wrongful use of defendant's lane. The variance between the allegations and proof is apparent. The nonsuit was proper. *Hall v. Poteat,* 257 N.C. 458, 125 S.E. 2d 924; Strong's N. C. Index, Pleading, sec. 28, Notes 364 and 365.

Affirmed.