ALFREDA S. HENSON v. AKERS MOTOR LINES, INC. AND
ERVIN HENSON

No. 6828SC426

(Filed 15 January 1969)

1. Automobiles § 43— nonsuit for variance
    Nonsuit for variance between pleading and proof is proper where plaintiff passenger alleges that defendant was negligent in slowing down to make a right turn without giving proper signal when the tractor-trailer owned by another defendant swerved and collided with defendant's car while the trailer was in the act of passing, and plaintiff's evidence shows that at the time of the collision defendant was making the right turn with his turn signal on.

2. Judgments § 40— nonsuit for variance — res judicata
    Judgment of involuntary nonsuit for variance between allegation and proof does not preclude plaintiff from instituting a new action.

APPEAL by defendant Ervin Henson from *Martin (Harry), J.,* 23 April 1968 Session, Superior Court of BUNCOMBE.

Plaintiff seeks to recover for personal injuries allegedly sustained while a passenger in an automobile operated by her husband, defendant Ervin Henson, which automobile was in a collision with a tractor-trailer unit owned by defendant Akers Motor Lines, Inc. Defendant Henson interposed a demurrer to plaintiff's complaint which was overruled, and defendant Henson excepted. Upon trial, the court overruled defendant Henson's motion for nonsuit, and defendant Henson excepted. Upon trial, the jury could not reach agreement as to the negligence of defendant Akers, found defendant Henson negligent and that his negligence was a proximate cause of

plaintiff's injury and damages and awarded her $3500. The court withdrew a juror and declared a mistrial as to Akers and accepted the verdict as to Henson. Defendant Henson excepted and appealed. Facts necessary for a decision are set out in the opinion.

*Robert S. Swain and S. Thomas Walton by S. Thomas Walton for plaintiff appellee.*

*Uzzell and Dumont by Harry Dumont for defendant Ervin Henson appellant.*

MORRIS, J.

Plaintiff describes the occurrence in paragraph 8 of her complaint as follows:

> "That said time and place the defendant, Henson, was operating his automobile in the extreme right hand lane of said expressway, which was two lanes for vehicles proceeding in an easterly direction when the driver of the tractor-trailer unit owned by the defendant Akers Motor Lines, Inc., negligently operated said tractor-trailer unit while attempting to pass the automobile being driven by the defendant, Henson, so as to cause the right rear of said tractor-trailer unit to collide with the left rear of the automobile in which this Plaintiff was a passenger; that the defendant, Henson, was negligent at said time and place in that he did not give the required signal to turn from a direct line of travel for the minimum number of feet before attempting to do so and in slowing down his vehicle without giving the proper signal to do so and that the said negligence on the part of each of the defendants, jointly and severally, was to (sic) sole and proximate cause of the collision herein referred to and the injuries and damage to this plaintiff more fully set forth hereafter."

Also, the following specific acts of negligence on the part of the defendant Henson are set out in paragraph 9 of the complaint:

> "That the following acts and omissions on the part of the defendant Ervin Henson at said time and place constituted negligence on his part:
>
> (a)  He operated said automobile without keeping a proper and careful lookout for the co-defendant Akers Motor Lines, Inc. and other users of the highway; under the circumstances and conditions then existing;

(b)  He operated said automobile without keeping same under proper control;

(c)  He operated said automobile at a speed and in such a manner so as to endanger the person of this plaintiff and in a careless, heedless and willful disregard of the rights and safety of this plaintiff;

(d)  He operated said automobile at a speed that was greater than reasonable and prudent under the circumstances and conditions then existing inasmuch as it was night time and the surface of said highway was wet and slippery with rain;

(e)  He failed to give a signal of his intention to turn from a direct line of travel continuously during the last 200 feet traveled before turning and slowed his vehicle down without proper signal therefor while approaching the Haywood Street exit off of said expressway."

It is obvious from these allegations that the plaintiff attempts to allege a collision occurring while the defendant Akers was attempting to overtake and pass the defendant Henson. Plaintiff says the driver of the tractor-trailer was negligent in causing the right rear of his truck to collide with the car in which the plaintiff was a passenger. She says the defendant Henson was negligent in that he slowed down to make a turn without signaling. She says that the negligence of both defendants was, jointly and severally, the proximate cause of her injuries.

The plaintiff's evidence, in substance, was the following: Cecil Burnett, a police officer with the City of Asheville, testified that when he arrived at the scene of the accident the defendant Henson told him he was leaving the exit lane and entering the expressway and ran into the side of the truck.

Plaintiff called the defendant Henson as a witness. He denied making this statement to the officer. Rather, he testified that he was driving in the exit lane intending to make a right hand turn; that he had his signal light on; and that as the truck came up beside him the driver cut to the left, causing the right rear of the truck to collide with the left rear of the plaintiff's car.

Margaret Ward, a witness for the plaintiff, testified that she saw the accident from a bridge over the highway. She stated that she saw the truck swerve, causing its rear end to hit the Henson car. She said she observed the signal light on the Henson car signaling a right turn.

Plaintiff testified that the defendant Henson came down onto

the expressway and that he continued in the exit lane (the extreme right hand lane) because he was going to make a right turn. She said that the signal light on defendant Henson's car was blinking for a right hand turn. Plaintiff said the truck came beside the car in which she was riding and whipped over in front of it, causing the right rear of the truck to strike the left rear of the car. She said Henson, at this time, was traveling approximately 25 miles per hour.

After the plaintiff closed his case, the driver of the tractor-trailer was called to testify on behalf of the defendant Akers. His testimony tended to show that the defendant Henson ran into the side of his truck. The defendant Henson offered no evidence.

As we view this testimony, it tells two stories. One, that the defendant Henson pulled his car into the side of the truck, or that the defendant Henson was making a right turn, with his turn signal on, when the tractor-trailer, owned by defendant Akers, swerved and collided with Henson's car. The evidence does not establish that the defendant Henson contributed to the cause of the accident by failing to signal his turn or slow down without a signal. The plaintiff has failed to offer any evidence to establish negligence on the part of the defendant Henson in the manner alleged in the complaint.

In *Hall v. Poteat*, 257 N.C. 458, 125 S.E. 2d 924, the North Carolina Supreme Court was faced with a situation very similar to the present one. There, the plaintiff alleged that the defendant pulled onto the highway suddenly and without signaling, causing the plaintiff to collide with the rear of the car being driven by the defendant. Before trial, the plaintiff amended his complaint to add that the defendant drove onto the highway without lights. The plaintiff testified that the car driven by the defendant was in the road "sitting still" when he first saw it; that he "had in mind" to pass the defendant but a truck was coming in the opposite direction. He applied his brakes hitting the back of the defendant's car. There was other evidence offered which showed that the defendant had traveled some distance before the plaintiff hit him. The Supreme Court stated:

> "Conceding plaintiff's testimony, when considered in the light most favorable to him, was sufficient to support a finding that the (first) collision was proximately caused by the negligence of defendant Jennings, it was not sufficient to support a finding that it was proximately caused by the negligence of the original defendants *as alleged in the complaint.* 'Plaintiff must prove his case in conformity with the facts he alleges to create liability.' *Bundy v. Belue*, 253 N.C. 31, 116 S.E. 2d 200. Con-

fronted by the material variance between plaintiff's allegations and proof, the court below properly entered judgment of involuntary nonsuit."

In *Taylor v. Garrett Co.*, 260 N.C. 672, 133 S.E. 2d 518, plaintiff alleged that just as he met the defendant going in the opposite direction, the rear portion of the defendant's truck swerved across the center line of the highway into the plaintiff's lane and collided with the plaintiff's car. At the trial, the plaintiff testified that as he entered a curve in the southbound lane, he saw an unlighted truck-trailer in the northbound lane; it was moving slowly. The defendant was behind, and very close to this truck-trailer; the left wheel of the defendant's truck was some two and one-half feet across the center line of the road; the plaintiff ran into the wheel of defendant's truck which caused his vehicle to turn over. The Court held the motion for nonsuit was properly allowed, saying:

> "Plaintiff, if he is to recover, must do so by proving the allegations of his complaint. There he alleges a sudden swerving of defendant's truck into his line of travel, a sudden emergency. He offers no evidence to establish that fact, but does testify to other facts which, under the South Carolina statutes, might constitute negligence."

[1, 2]    Following the authority of these cases, we feel constrained to hold that the motion for nonsuit made by the defendant Henson should have been allowed because of a material variance. This judgment of involuntary nonsuit does not preclude plaintiff from instituting a new action. *Hall v. Poteat, supra.*

For the reasons stated above, the judgment of the trial tribunal is reversed and judgment entered in accordance with this opinion.

Reversed.

MALLARD, C.J., and CAMPBELL, J., concur.