EUGENE B. LaVANGE v. CATHARYN McGILL LENOIR

No. 6930SC389

(Filed 19 November 1969)

Automobiles § 43— accident case — nonsuit for variance

In an action to recover for personal injuries allegedly sustained when plaintiff, a pedestrian, was struck by an automobile operated by defendant, there is a fatal variance between pleading and proof, where plaintiff alleged that he was walking in the street toward his car and that he was struck while in front of defendant's car with his back to the car, and plaintiff's own evidence shows that he was standing on the curb or sidewalk at the time of the accident.

APPEAL by plaintiff from *Martin, J., (Harry C.)*, 6 January 1969 Civil Session, HAYWOOD County Superior Court.

Plaintiff seeks to recover for personal injuries allegedly sustained when he was struck by an automobile being operated by defendant. Upon trial, after plaintiff had presented his evidence, defendant demurred to the evidence and moved the court for a judgment of involuntary nonsuit. The motion was granted, and plaintiff excepted and appealed. Facts necessary for a decision are set out in the opinion.

*Monteith, Coward & Coward, by Kent Coward and Thomas W. Jones, for plaintiff appellant.*

*Williams, Morris and Golding, by Robert G. McClure, Jr. and William C. Morris, Jr., for defendant appellee.*

MORRIS, J.

Plaintiff's only contention on appeal is that the court committed prejudicial error in granting defendant's motion for involuntary nonsuit at the close of plaintiff's evidence. This contention must be examined in light of the variance between the allegations contained in plaintiff's complaint and the evidence presented by plaintiff at the trial.

"The rule is well established that judgment of nonsuit is proper when there is a fatal variance between a plaintiff's *allegata* and *probata*. Proof without allegation is no better than allegation without proof. A plaintiff must make out his case *secundum allegata*. He cannot recover except on the case made by his pleading. (Citations omitted.)" *Hall v. Poteat*, 257 N.C. 458, 125 S.E. 2d 924 (1962).

Plaintiff's complaint contained, among others, the following allegations:

"6. That at a point just past the defendant's automobile the plaintiff in proceeding to his own car stopped for the purpose of ascertaining whether it was safe for him to proceed further; that having looked in all directions and ascertained that there was no moving traffic that would be a danger to him, plaintiff proceeded toward his own vehicle.

7. That at the same moment the defendant Catharyn McGill Lenoir, failed to look in the direction of the plaintiff and failed to observe the plaintiff walking in front of her with his back to her and failed to ascertain whether or not she could make a move forward without causing injury to pedestrians, and the defendant, Catharyn McGill Lenoir, then and there proceeded to advance her vehicle forward.

8. That as a result of the defendant's failure to observe the path in front of her and failure to ascertain whether or not she could safely proceed forward, defendant propelled her automobile so that it struck the plaintiff as he was walking as aforesaid, thereby knocking him to the pavement, and as a direct and proximate result of the defendant's carelessness and negligence in so moving her automobile forward caused the plaintiff serious physical injuries and personal damages as hereinafter described.

.        .        .

10. That among the careless, negligent and unlawful acts of the defendant, Cathryn McGill Lenoir, which directly and proximately resulted in the aforesaid injuries and damages to the plaintiff were the following:

a. That Catharyn McGill Lenoir, the defendant, operated her said automobile without keeping a reasonable, careful and prudent outlook in the direction of pedestrian travel thereby failing to see what she should have seen.

b. That Catharyn McGill Lenoir, the defendant, failed to ascertain whether there were pedestrians in front of her said automobile.

c. That Catharyn McGill Lenoir, the defendant, failed to observe the plaintiff in front of her car and perform the duty of sounding her horn in order that pedestrians in front of her may be made aware of her approach.

d. That Catharyn McGill Lenoir, the defendant, negli-

gently and unlawfully operated her said Corvair on the Main Street in Waynesville in a way and manner so as to endanger or be likely to endanger the life and person of the said plaintiff who was observing and complying with the statutes applicable to the situation then and there existing.

e.   That the defendant, Catharyn McGill Lenoir, failed to exercise due care to avoid colliding with the plaintiff, a pedestrian.

11.   That the sole and proximate cause of the plaintiff's injuries were the aforesaid negligent and unlawful acts of the defendant."

These allegations clearly place plaintiff walking in the street toward his car at the time of the accident and allege that he was struck while walking in front of defendant's car with his back to her car. However, plaintiff's own evidence at the trial placed him standing on the curb at the time he was struck. There can be no doubt that this constitutes a variance. The question is whether it is fatal to plaintiff's case. "Whether the variance is to be deemed material (fatal) must be resolved in the light of the facts of each case." *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610 (1958).

To these allegations defendant would certainly reasonably expect to interpose plaintiff's contributory negligence as a bar to any recovery. This she did in her answer. Plaintiff's evidence — that he was standing on the curb or sidewalk when struck — would certainly serve to lessen the effectiveness of defendant's defense of contributory negligence on the part of plaintiff and would require defendant at trial to defend a cause of action completely different from the cause of action alleged in the complaint.

We hold that the variance is material and the judgment of nonsuit is proper. See *Canaday v. Collins,* 261 N.C. 412, 134 S.E. 2d 669 (1964).

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.