BERTHA MABEL HALL v. CHARLIE HENDERSON KIMBER

No. 6918SC27

(Filed 17 December 1969)

1. **Automobiles § 46;   Evidence § 42— speed of automobile — opinion testimony — opportunity for observation — physical facts at collision scene**

In this action for personal injuries received in an intersection accident, the trial court did not err in excluding plaintiff's opinion testimony that

defendant approached the intersection at a speed of 80 to 90 mph, where plaintiff's testimony shows that she did not observe defendant's car for a sufficient time to afford her a reasonable opportunity to form an intelligent opinion of its speed, and the undisputed evidence of the physical facts at the scene belies plaintiff's estimate and makes it without probative value.

**2. Witnesses § 5— prior consistent statements — exclusion of direct testimony**

Where plaintiff's direct opinion testimony of defendant's speed was properly excluded, there was no error in the exclusion of evidence concerning plaintiff's prior oral and written statements about defendant's speed, since such evidence of prior consistent statements would have been admissible not as substantive evidence but only for purposes of corroborating her testimony from the witness stand.

**3. Automobiles §§ 47, 57— intersection accident — nonsuit — physical facts at scene**

In this action for personal injuries received in an intersection accident, the uncontradicted physical evidence disclosing that defendant's car left skid marks only 96 feet long, that these were in a straight line and in defendant's proper lane of travel, and that defendant's car came to a stop at the point of impact cannot support an inference that defendant's speed was excessive or that he failed to keep his car under reasonable control.

**4. Automobiles § 50; Trial § 26— nonsuit for variance**

Judgment of nonsuit is proper when there is a fatal variance between a plaintiff's allegations and proof.

**5. Automobiles § 50; Trial § 26— nonsuit for variance**

If the variance between a plaintiff's allegations and proof could not have misled the defendant to his prejudice, it will not be deemed material and therefore fatal.

**6. Automobiles § 57— intersection accident — failure to yield right-of-way — fatal variance between allegations and proof**

In this action for personal injuries received in a collision which occurred when the automobile in which plaintiff was a passenger attempted to cross the eastbound lanes of a divided four-lane highway, there is a fatal variance between plaintiff's allegations and proof as they relate to plaintiff's contention that defendant was negligent in failing to yield the right-of-way to a vehicle already in the intersection, where plaintiff alleged that the median of the divided highway was only 20 feet wide, and that the driver of plaintiff's automobile drove west on the divided highway to its intersection with a two-lane highway and made a left turn into that highway, which would have made applicable the provisions of G.S. 20-154 and the decisions relating to the respective obligations imposed upon the driver of a vehicle turning left at an intersection and the driver of a vehicle approaching from the opposite direction, but plaintiff's evidence was all to the effect that the median was 31 feet wide, thus making the crossing of the two-lane highway over the eastbound lanes of the divided highway a separate intersection, G.S. 20-38(12), and that the driver of plaintiff's vehicle remained stopped in the median crossover for several

minutes before entering the intersection, the respective rights and obligations of the drivers of the two vehicles involved in the collision being materially different if they were as plaintiff alleged rather than as she proved.

APPEAL by plaintiff from *Lupton, J.,* 22 April 1968 Civil Session of GUILFORD Superior Court, Greensboro Division.

This is an appeal from judgment of nonsuit in a civil action in which plaintiff seeks to recover damages for personal injuries received by her as a result of a collision between two automobiles, in one of which plaintiff was riding as a guest passenger. Defendant is the driver of the other vehicle involved.

The plaintiff's evidence tended to show: The collision occurred at the intersection of U.S. Highway 29-70 with Osborne Road, at a point approximately three miles southwest of the city limits of Greensboro. At this point Highway 29-70 (which is also temporary Interstate Highway No. 85) is a four-lane divided highway which runs generally east and west, having two paved eastbound and two paved westbound traffic lanes separated by a grass median. The eastbound and the westbound lanes are each approximately 24-feet wide and the grass median is approximately 31-feet wide. There are ten-foot wide paved shoulders on the outer side of both the eastbound and westbound lanes. Osborne Road is a two-lane rural road which runs generally north and south and crosses U.S. 29-70 at grade level, passing over the median between the eastbound and westbound lanes of Highway 29-70 on a paved crossover. The collision occurred at approximately 6:10 p.m. on 26 December 1961.

Plaintiff was a passenger riding in the right rear seat of a 1954 two-door Oldsmobile automobile being operated by her daughter, Mrs. Kleiman. Mrs. Kleiman's ten-year-old daughter was riding as a passenger in the right front seat. Mrs. Kleiman and her two passengers had started on a trip from Greensboro to Beckley, West Virginia, and had intended to drive on Interstate Highway No. 40. Mrs. Kleiman missed the turn and drove westerly on Highway 29-70 instead. Realizing her mistake, she looked for a place to obtain directions. As she drove west on Highway 29-70 she observed a Gulf filling station on the opposite or south side of the highway at the southeast corner of its intersection with Osborne Road. She slowed, gave her left-hand blinker signal, and turned left into the paved crossover by which Osborne Road passes over the median between the westbound and eastbound lanes of Highway 29-70. She stopped in the crossover for some minutes, waiting for traffic to clear. Mrs. Kleiman then attempted to drive her Oldsmobile from the crossover across the

eastbound lanes of Highway 29-70, when it was struck on the right side and toward the rear by a 1960 Chevrolet being driven by defendant, injuring the plaintiff.

To the west of the intersection Highway 29-70 is straight for over a mile and the view along the highway looking west from the crossover of Osborne Road is unobstructed for approximately one-half mile. About 700 feet west of the intersection on Highway 29-70 there is a diamond-shaped State highway sign with a crossroads insignia thereon. Mrs. Kleiman testified that when she started to move from her stopped position in the crossover, there were no cars approaching from the west in the area between the sign and the intersection. Her daughter testified to the same effect. Neither Mrs. Kleiman nor her daughter saw defendant's car approaching prior to the collision. Plaintiff testified that while the Kleiman car was stopped in the crossover she did not see a car coming, but that after her daughter started driving across she did see defendant's car approaching from the west and that she had an opinion as to its speed. The court sustained defendant's objection to the admission of plaintiff's opinion as to the speed of defendant's automobile. Mrs. Kleiman testified that five or six seconds elapsed from the time she started from the crossover until the time of the collision, that she started off a "little bit faster" but slowed to about five miles per hour when she got almost across and saw holes in the road ahead of her, and that her car had moved approximately 25 feet and was "almost off the outer lane of traffic for eastbound" traffic when it was hit. Plaintiff testified that only two or three feet of the Kleiman car remained on the road at the time of the collision. The collision occurred in the southernmost or outside eastbound lane of Highway 29-70. The Kleiman car was struck on the right side about the door and toward the rear and was spun around by the impact so that it came to rest headed back toward the direction from which it had come and near the point of the collision. Defendant's automobile left straight skid marks 96-feet long in the outside eastbound lane of Highway 29-70. Defendant's car stopped almost at the point of impact. The occupants of defendant's car were not injured. The posted speed limit for automobiles on Highway 29-70 was 60 miles per hour.

Plaintiff offered evidence relative to the nature and extent of the injuries she received in the collision.

At the close of plaintiff's evidence the court granted defendant's motion for a judgment of nonsuit, and the plaintiff appealed.

*Max D. Ballinger for plaintiff appellant.*
*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

PARKER, J.

[1]    Plaintiff assigns as error the trial court's ruling excluding her testimony that in her opinion defendant approached the intersection at a speed of 80 to 90 miles per hour. In this ruling there was no error. At the time the ruling was made, plaintiff had testified that when she first saw defendant's car approaching, it was "four or five times the length of this courtroom away from us." The courtroom was stipulated to be 40-feet long, so plaintiff in effect testified that she had observed defendant's car while it traveled toward her over a distance of 160 to 200 feet. Had it actually been moving as fast as plaintiff attempted to testify, she would have had only approximately one and one-half seconds during which to observe it, hardly a sufficient interval in which to form an opinion as to its speed of any real probative value. Later in the trial she attempted to testify that when she first saw defendant's car it was three or four hundred feet away, which testimony was excluded on defendant's objection. Even if this later testimony had been admitted and accepted as true, plaintiff would have had only approximately three seconds within which to observe defendant's car. Under either version of plaintiff's testimony it is questionable whether she could be considered as having observed defendant's car for a sufficient time to afford her a reasonable opportunity to form an intelligent opinion as to its speed. Quite apart from that question, however, her testimony as to speed was properly excluded for the reason that the undisputed evidence belies plaintiff's estimate and makes it without probative value. *Mayberry v. Allred*, 263 N.C. 780, 140 S.E. 2d 406. Defendant's automobile left only 96 feet of skid marks leading to the point of impact. These were approximately straight and in defendant's proper lane of travel. Defendant's car stopped practically at the point of impact and headed in its proper direction. Its occupants suffered no injuries. The Kleiman vehicle was spun around, but it, too, came to rest close to the point of impact. Defendant's car could not have been stopped within the distance and in the manner as established by this physical evidence if it had been moving as fast as plaintiff's estimate.

[2]    Since her direct testimony as to her opinion concerning defendant's speed was properly excluded, it follows that there was also no error in the exclusion of evidence concerning plaintiff's prior oral and written statements about defendant's speed. Such evidence as to prior consistent statements of the plaintiff would have been admissible not as substantive evidence but only for purposes of corroborating her testimony from the witness stand. Stansbury, N.C. Evidence 2d, § 52, p. 105. Her testimony from the witness stand as

to speed having been excluded, nothing remained to which the proffered corroborative evidence could properly relate.

[3] Plaintiff alleged in her complaint that the collision and her resulting injuries were proximately caused by defendant's negligence in a number of respects. She produced no competent evidence to support her allegations that defendant was driving at an excessive speed, that he failed to decrease speed when approaching an intersection, or that he failed to keep a proper lookout or to keep his vehicle under reasonable control. The uncontradicted physical evidence disclosing that defendant's car left skid marks only 96-feet long, that these were in a straight line and in defendant's proper lane of travel, and that his car came to a stop at the point of impact, certainly cannot support an inference either that his speed was excessive or that he failed to keep his car under reasonable control. *Clayton v. Rimmer*, 262 N.C. 302, 136 S.E. 2d 562. Indeed, this physical evidence would more nearly support the contrary inference. Plaintiff produced no competent evidence whatever relating to the manner in which defendant was driving, certainly none which could legitimately support an inference of negligence on his part. Therefore, nonsuit was proper insofar as all of plaintiff's allegations of negligence on the part of defendant which relate to the manner in which he was driving are concerned.

[4-6] There remains only plaintiff's allegation that defendant was negligent in failing to yield the right-of-way to a vehicle already within the intersection, a violation of G.S. 20-155(b). In this connection plaintiff's evidence was completely inconsistent with the allegations in her complaint. She alleged that the median on Highway 29-70 was approximately 20-feet wide and that Mrs. Kleiman, in whose car plaintiff was riding, drove on Highway 29-70 to its intersection with Osborne Road where she proceeded to make a left turn into Osborne Road. Had these been the facts, the provisions of G.S. 20-154 and North Carolina court decisions which relate to the respective obligations imposed upon the driver of a vehicle turning left at an intersection and the driver of a vehicle approaching from the opposite direction would have applied. Plaintiff's evidence, however, was all to the effect that the median on Highway 29-70 was 31-feet wide, thus making the crossing of Osborne Road over the eastbound lanes of Highway 29-70 a separate intersection. G.S. 20-38(12). In addition, all of plaintiff's evidence was to the effect that the Kleiman vehicle remained stopped in the crossover for several minutes before entering the intersection, a completely different factual situation from that alleged in her complaint. "The rule is well

established that judgment of nonsuit is proper when there is a fatal variance between a plaintiff's *allegata* and *probata*. Proof without allegation is no better than allegation without proof. A plaintiff must make out his case *secumdum allegata.* He cannot recover except on the case made by his pleading." *Hall v. Poteat,* 257 N.C. 458, 125 S.E. 2d 924. If the variance could not have misled the defendant to his prejudice, it will not be deemed material. G.S. 1-168; *McCrillis v. Enterprises,* 270 N.C. 637, 155 S.E. 2d 281. Whether it will be deemed material and therefore fatal must be determined in the light of the facts of each case. *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610. In the present case the plaintiff's allegations would have made applicable one group of statutes and decisions; her proof would make others here pertinent. The respective rights and obligations of the drivers of the two vehicles involved in the collision which gave rise to this lawsuit would be materially different, depending upon whether the facts were as plaintiff alleged or as she proved. In our judgment the variance between plaintiff's allegations and proof insofar as they related to her contention that defendant was negligent in failing to yield the right-of-way was substantial and material in this case.

Confronted by a failure of proof of any negligence of defendant in other respects and by the material variance between plaintiff's allegations and proof insofar as her allegation of negligence in failing to yield the right-of-way is concerned, the trial court properly entered judgment of nonsuit.

Affirmed.

MALLARD, C.J., and BRITT, J., concur.