BEATRICE W. ROBERTS v. PEGGY BUFFALOE WHITLEY AND DWIGHT AVERY WHITLEY

No. 7311SC101

(Filed 14 March 1973)

1. **Automobiles § 72— loss of control due to emergency — summary judgment improper**

   Where plaintiff contended that she lost control of her car and suffered personal injuries solely because of an emergency and her reaction thereto arising when defendant pulled into plaintiff's lane of travel to pass a truck without seeing that she could do so in safety, the issue of whether plaintiff's loss of control of her car constituted actionable negligence on her part was a triable one and summary judgment was improperly entered for defendant.

2. **Automobiles § 76— following too closely — summary judgment improper**

   Whether plaintiff in a personal injury action was following a vehicle too closely or whether, assuming she was following too closely, such negligence was a proximate cause of her injuries was a triable issue and summary judgment was improperly entered for defendant.

APPEAL by plaintiff from *Braswell, Judge,* 28 August 1972 Session of Superior Court held in HARNETT County.

Negligence action brought by plaintiff to recover for personal injuries sustained in an automobile-truck collision on Highway 55 near Angier. Plaintiff alleges in her complaint, among other things, the following:

On 27 April 1971, at approximately 10:15 a.m., plaintiff was operating her Chevrolet automobile in a northerly direction along Highway 55. At the same time and place, defendant Peggy Buffaloe Whitley was operating an Oldsmobile automobile belonging to Dwight Avery Whitley in a southerly direction along said highway. Defendant Peggy Whitley ". . . negligently turned the 1963 Oldsmobile . . . into the left lane of traffic in an attempt to pass another vehicle causing this plaintiff who was directly in front of the defendant to be forced to run off the east side of Highway 55 in order to avoid a head-on collision with the defendant. That in attempting to avoid a head-on collision this plaintiff was forced to take evasive action and leave the highway thereby causing damage to her vehicle and to her person. . . . " It is further alleged that defendants were guilty of negligence in operating the automobile to the left of the center

line; improperly passing a vehicle in the face of oncoming traffic; failing to keep a proper lookout; driving at an excessively high rate of speed; failing to take evasive action to avoid a head-on collision; and driving in a careless and reckless manner.

Defendants moved for summary judgment and offered the adverse examination of plaintiff in support of the motion. Plaintiff's husband testified in opposition to the motion. The evidence presented would support, but not compel, the following findings: Plaintiff was alone in her car traveling from Dunn and following her husband who was driving their son's car immediately in front of plaintiff. They were traveling within the stated speed limit at approximately 50 miles per hour. Plaintiff was driving 150 feet behind the car being operated by her husband. As the two cars approached a truck, Mrs. Whitley pulled her car suddenly around the truck and into the lane of travel then occupied by the vehicles being driven by plaintiff and her husband. Plaintiff did not see defendants' car until her husband applied brakes and pulled off the highway. At that time the Whitley car was right on plaintiff. In order to avoid a head-on collision, plaintiff applied her brakes as hard as she could hit them and pulled her car to the right. This caused her car to go into a skid, strike the right side of the road and cross back over the road into the rear end of the truck. There was no contact between plaintiff's car and Mrs. Whitley's vehicle.

The court allowed defendants' motion for summary judgment, finding: The complaint fails to state a claim upon which relief can be granted; that independent of this conclusion " . . . the Court also concludes as a matter of law that no issue of negligence on the part of the defendant arises under any of the evidence . . . and in the alternative the Court further concludes that even if an issue of actionable negligence is made to appear, . . . there is contributory negligence as a matter of law on the part of the plaintiff in failing to keep a proper lookout in her direction of travel so as to bring her car under control prior to a collision, and in failing to keep her automobile under control as she went to the shoulder of the road," and in following the vehicle in front of her more closely than was reasonable and prudent under the conditions then existing. The plaintiff appealed to this Court from the entry of summary judgment.

Roberts v. Whitley

*Stewart and Hayes by Gerald Hayes, Jr., for plaintiff appellant.*

*Bryan, Jones, Johnson, Hunter & Greene by Robert C. Bryan for defendant appellee.*

GRAHAM, Judge.

We find the complaint, although sparse in detail, sufficient to meet the requirements of G.S. 1A-1, Rule 8. Fact pleading is no longer required. "A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial." *Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E. 2d 161, 167. See also *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721; *Acceptance Corp. v. Samuels,* 11 N.C. App. 504, 181 S.E. 2d 794; *Cassels v. Motor Co.,* 10 N.C. App. 51, 178 S.E. 2d 12.

[1] We further find that defendants, as the moving parties, failed to carry their burden of establishing the lack of a triable issue of fact. We therefore reverse the entry of summary judgment. As stated in *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E. 2d 189, 194:

"'. . . [I]ssues of negligence . . . are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.' 6 Moore's Federal Practice (2d ed. 1971) § 56.17[42] at 2583; 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed. 1958) § 1232.1, at 106. It is only in exceptional negligence cases that summary judgment is appropriate. *Rogers v. Peabody Coal Co.,* 342 F. 2d 749 (C.A. 6th 1965); *Stace v. Watson,* 316 F. 2d 715 (C.A. 5th 1963). This is so because the rule of the prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. . . .

Moreover, the movant is held by most courts to a strict standard in all cases; and 'all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.' 6

Moore's Federal Practice (2d ed. 1971) § 56.15[3], at 2337; *United States v. Diebold, Inc.,* 369 U.S. 654, 8 L.Ed. 2d 176, 82 S.Ct. 993 (1962)."

The fact there was no contact between the car defendant was driving and plaintiff's car is not decisive. Plaintiff's theory is that the loss of control which she experienced over her vehicle was caused solely by the emergency, and her reaction thereto, arising when feme defendant passed the approaching truck without seeing that she could do so in safety and operated her car in the plaintiff's lane and toward a "head-on collision with plaintiff's vehicle." Whether plaintiff's loss of control of her car under these circumstances constituted actionable negligence on her part is a triable issue. *See Davis v. Connell,* 14 N.C. App. 23, 187 S.E. 2d 360.

[2]　On the question of whether plaintiff was following the preceding vehicle too closely, it is noted that the evidence, when considered in the light most favorable to her, would indicate that she was traveling 150 feet behind her husband's vehicle at approximately 50 miles per hour. This evidence, standing alone, does not put to rest the question of whether plaintiff was following her husband's car at a closer distance than was reasonable and prudent under conditions existing, or whether, assuming she was guilty of following too closely, such negligence was a proximate cause of plaintiff's injuries.

Reversed.

Judges BROCK and VAUGHN concur.