GILBERT ROGER HADDOCK, ADMINISTRATOR OF THE ESTATE OF ADRIAN GILBERT HADDOCK v. RAYMOND EARL SMITHSON, MOORE-KING-SULLIVAN, INC., AND GLORIA MANNING HARRINGTON

No. 763SC261

(Filed 21 July 1976)

1. Negligence § 29— retarded intestate crossing highway — instruction from defendant to do so — sufficiency of evidence of negligence

      In an action for the wrongful death of plaintiff's intestate, a 14 year old retarded boy, the trial court erred in entering summary judgment for defendant employee and the corporate defendant where the evidence tended to show that defendant employee was a good friend of intestate, he delivered oil to the homes of intestate's father and uncle, defendant knew intestate was retarded, when defendant delivered oil at intestate's home he would give intestate the delivery ticket and intestate would take it to his grandmother, on the day in question defendant delivered oil to intestate's uncle's home, intestate rode up on his bicycle, defendant gave him a delivery ticket and instructed him to take it to his uncle who was across the highway, and intestate was struck and killed by a vehicle while he was attempting to ride his bicycle across the highway.

2. Negligence § 35— contributory negligence — failure to plead — retarded intestate — no contributory negligence as matter of law

      In an action for the wrongful death of a 14 year old retarded intestate, defendants cannot contend on appeal that evidence pre-

Haddock v. Smithson

sented at the hearing on their summary judgment motion established intestate's contributory negligence as a matter of law, since defendants did not 'plead contributory negligence as required by G.S. 1A-1, Rule 8(c); furthermore, considering the mental retardation of intestate, the evidence did not establish contributory negligence as a matter of law.

APPEAL by plaintiff from *Browning, Judge.* Judgment entered 10 November 1975 in Superior Court, PITT County. Heard in the Court of Appeals 17 June 1976.

This is an action for the wrongful death of plaintiff's intestate. Pertinent allegations of the complaint are summarized as follows:

On or about 16 October 1973 defendant Smithson was employed by corporate defendant and at the time complained of was acting in the course and scope of his employment. On said date defendant Smithson requested intestate, who was mentally retarded, to carry a fuel oil ticket across a highway to intestate's uncle. Pursuant to the request intestate took the ticket, mounted his bicycle and started across the highway to where his uncle was working. As intestate was crossing the highway he was struck and killed by an automobile driven by defendant Harrington.

Defendant Smithson and the corporate defendant filed an answer denying material allegations of the complaint relating to them. Defendant Harrington filed a separate answer in which she denied material allegations of the complaint relating to her and pleaded contributory negligence.

Thereafter, defendant Smithson and corporate defendant moved for summary judgment pursuant to Rule 56. Defendant Harrington filed a similar motion. Following a hearing the trial court allowed the motions and from judgments dismissing the actions, plaintiff appealed.

The record on appeal was filed on 29 March 1976. On 30 April 1976 this court allowed plaintiff's motion to withdraw the appeal as to defendant Harrington.

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by C. Ernest Simons, Jr., for defendant appellees.*

BRITT, Judge.

The sole question presented is: Did the trial court err in entering summary judgment as to defendant Smithson and the corporate defendant? We hold that it did.

Defendants are entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, showed that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. G.S. 1A-1, Rule 56. Summary judgment is an extreme remedy and is appropriate only where no genuine issue of material fact is presented. *Long v. Long,* 15 N.C. App. 525, 190 S.E. 2d 415 (1972).

It is only in exceptional negligence cases that summary judgment is appropriate because the rule of the prudent man or other standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972); *Kiser v. Snyder,* 17 N.C. App. 445, 194 S.E. 2d 638 (1973), *cert. denied,* 283 N.C. 257, 195 S.E. 2d 689 (1973); *Roberts v. Whitley,* 17 N.C. App. 554, 195 S.E. 2d 62 (1973).

Viewed in the light most favorable to plaintiff, the depositions, affidavits, and other materials presented at the hearing tended to show:

[1]   On the day in question intestate, a retarded fourteen-year-old boy, lived with his father, grandmother, and sister near a paved highway in rural Pitt County. Intestate could not read or write and had a serious impediment in his speech. He could, however, ride a bicycle. His uncle, W. R. Haddock, lived a short distance away, on the opposite side of the highway. The speed limit on the highway was 55 m.p.h.

Defendant Smithson drove a fuel oil delivery truck for the corporate defendant. Prior to the day in question he had delivered fuel oil to the homes of intestate's father and uncle many times. On those occasions he would see and talk with intestate and they had become good friends. Defendant Smithson knew that intestate was retarded. When defendant Smithson would deliver oil at intestate's home he would give intestate the delivery ticket and intestate would take it to his grandmother.

On the day in question defendant Smithson was delivering oil to the uncle's home. During the course of the delivery intes-

Haddock v. Smithson

tate came up on a bicycle and proceeded to talk with Smithson. Intestate's uncle was across the highway working on a tractor or piece of equipment. When Smithson finished delivering oil, he made out a ticket, handed it to intestate, and told him to take it to his uncle. While attempting to ride the bicycle across the highway to where his uncle was, a car driven by defendant Harrington at about 55 m.p.h., struck intestate and killed him. Intestate had been told by his father and other members of the family on numerous occasions not to ride a bicycle on the highway.

We think the evidence was sufficient to raise a jury question with respect to the negligence of defendant Smithson, which negligence, if any, was imputable to the corporate defendant.

[2] Defendant Smithson and the corporate defendant argue that the materials presented at the hearing establish contributory negligence on the part of intestate as a matter of law and for that reason summary judgment was proper. We disagree.

In the first place, these defendants did not plead contributory negligence as required by G.S. 1A-1, Rule 8(c). It is true that defendant Harrington pleaded it, but these defendants, having filed a separate answer, cannot take advantage of an affirmative defense pleaded by defendant Harrington. Furthermore, considering the mental retardation of intestate, we do not think the materials established contributory negligence as a matter of law.

Finally, defendant Smithson and the corporate defendant cross assign as error the admission and consideration of an affidavit made by plaintiff's attorney. Assuming, *arguendo,* that the affidavit was improper, we think the other materials presented at the hearing were sufficient to establish genuine issues of material fact.

For the reasons stated, the summary judgment in favor of defendant Smithson and the corporate defendant is

Reversed.

Judges HEDRICK and MARTIN concur.