ROBERT EARL RADFORD, PLAINTIFF/APPELLANT v. JAMES LLOYD NORRIS AND BECKY ANN NORRIS, DEFENDANT/APPELLEES

No. 8410SC774

(Filed 2 April 1985)

**Automobiles and Other Vehicles § 88.5; Negligence § 35.1— instructions on contributory negligence—evidence insufficient**

In an action arising from a collision between plaintiff's motorcycle and defendants' automobile, the court erred by instructing on contributory negligence where the evidence showed that plaintiff saw defendants' car from at least eighty feet away and slowed down as defendants' car moved forward as if to enter traffic ahead of him; that plaintiff accelerated after defendants' car stopped, defendant driver apparently being aware of plaintiff; that plaintiff estimated his speed at thirty to forty-five miles per hour; that plaintiff observed defendant pulling out in front of him when he was about twenty feet away; that defendant and her passenger did not see a motorcyclist and pulled out into the highway; and that the passenger screamed and defendant attempted to turn but was struck immediately. There was nothing to suggest how plaintiff might have kept a better lookout and no evidence that plaintiff was unable to control his motorcycle as a result of speed; all the evidence was that plaintiff was in his proper lane of travel, that defendant pulled out in front of him, and that plaintiff deliberately slid his motorcycle into defendants' car to mitigate the consequences of an unavoidable accident.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 24 February 1984 in WAKE County Superior Court. Heard in the Court of Appeals 13 March 1985.

This lawsuit arises out of a collision between plaintiff's motorcycle and defendants' car, driven by Becky Ann Norris (hereinafter defendant; James Lloyd Norris' sole connection with the case is his ownership of the car). Plaintiff, commuting northward at the rush hour, arrived at U.S. 401 on a side road. U.S. 401 is a four-lane divided highway. Rather than wait behind the line of traffic at the stop sign on the side road, plaintiff turned left, cutting through a store parking lot. He then turned right from the parking lot onto 401 North, entering the left of two northbound lanes. Defendant had crossed 401 South from the other side of the highway, and was in a crossover in the median waiting to turn left onto 401 North. As plaintiff approached the crossover defendant pulled out in front of him. Plaintiff collided with defendant's car, sustaining personal injury and other damage.

The first trial resulted in a verdict for plaintiff. On appeal, this court remanded for a new trial for error related to issues of damages. *Radford v. Norris*, 63 N.C. App. 501, 305 S.E. 2d 64 (1983). A new trial on all issues resulted in a verdict that defendant was negligent, but that plaintiff was contributorily negligent. The jury therefore did not reach the damages issue. Plaintiff appealed.

*Van Camp, Gill & Crumpler, P.A., by William B. Crumpler, for plaintiff.*

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by Jane Flowers Finch, for defendants.*

WELLS, Judge.

The only question presented is whether the court erred in instructing on contributory negligence. We hold that it did and award a new trial.

In determining the sufficiency of the evidence to justify submission of contributory negligence, we consider defendant's evidence in the light most favorable to her, with all reasonable inferences therefrom, and disregard plaintiff's evidence except to the extent favorable to defendant. *Jones v. Holt*, 268 N.C. 381, 150 S.E. 2d 759 (1966). Evidence which merely raises a conjecture as to plaintiff's negligence will not support an instruction. *Id.* However, since negligence usually involves issues of due care and

reasonableness of actions under the circumstances, it is especially appropriate for determination by the jury. *See Haddock v. Smithson*, 30 N.C. App. 228, 226 S.E. 2d 411, *disc. rev. denied*, 290 N.C. 776, 229 S.E. 2d 32 (1976). In "borderline cases," fairness and judicial economy suggest that courts should decide in favor of submitting issues to the jury. *Cunningham v. Brown*, 62 N.C. App. 239, 302 S.E. 2d 822, *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 754 (1983). These policies ought to apply especially where the subject matter is particularly familiar to lay jurors, as in this case.

The court instructed on two theories of contributory negligence: that plaintiff (1) failed to maintain a proper lookout and (2) failed to keep his vehicle under proper control. The duty to maintain a proper lookout requires that the operator of a motor vehicle be reasonably vigilant, and that he or she anticipate the presence of others. *Tarrant v. Bottling Co.*, 221 N.C. 390, 20 S.E. 2d 565 (1942). This duty of care is mutual. *Id.* Thus, a motorist has no duty, except in unusual circumstances not applicable here, to anticipate the negligence of others. *Riggan v. Highway Patrol*, 61 N.C. App. 69, 300 S.E. 2d 252, *disc. rev. denied*, 308 N.C. 387, 302 S.E. 2d 253 (1983). *See generally* 7A Am. Jur. 2d *Automobiles and Highway Traffic* §§ 416-17 (1980). The fact of accident, standing alone, does not mean a driver failed to keep a proper lookout. *See Lane v. Dorney*, 250 N.C. 15, 108 S.E. 2d 55 (1959), *rev. on other grounds on rehearing*, 252 N.C. 90, 113 S.E. 2d 33 (1960). There must be some proof of negligence. *Id.*

> If there is no showing of what a careful lookout would have disclosed and what effective precautionary action the driver could have taken to avoid the accident, then there is no basis for submitting to the jury the question whether the driver was negligent in failing to maintain a proper lookout.

40 Am. Jur. Proof of Facts 2d, *Driver's Failure to Maintain a Proper Lookout* § 1 (1984). Applying these principles, we conclude that the evidence did not support an instruction on contributory negligence on this issue, even in light of the policy discussed above.

Plaintiff's evidence showed that he saw defendant's car from at least eighty feet away. He observed it move forward, as if to enter 401 North in front of him, and he slowed down. When he saw defendant stop and "get situated," he resumed acceleration,

it appearing to him that defendant was aware of him. Plaintiff's estimates of his speed range from thirty to forty-five m.p.h.; the speed limit on 401 North was forty-five m.p.h. Plaintiff testified that he observed that defendant was actually pulling out in front of him when he was twenty feet away. Defendant's evidence was that she and her passenger did not see a motorcyclist, and that she pulled out into 401 North. The passenger screamed, and defendant attempted to turn but was struck immediately. We find nothing in this evidence to suggest how plaintiff might have kept a better lookout. Even if he had seen defendant from a greater distance, that would be irrelevant to what action he might have taken when she pulled out in front of him. Nothing suggests that plaintiff only saw defendant for the first time as she pulled out in front of him. Instead, all the evidence showed that he observed her car earlier and had already taken some precautionary measures. We conclude that this evidence did not support an instruction on failure to keep a proper lookout.

The physical facts do not compel a different result. There is no evidence that plaintiff was driving anywhere but straight down his lane of 401 North for at least 100 feet before impact. There were only twenty-eight feet of scuff marks at the scene; plaintiff testified that the car dragged him about ten feet. Defendant makes much of the fact that plaintiff had cut through a parking lot and had accelerated rapidly. This evidence had no relevance to whether plaintiff maintained a proper lookout *once he entered his travel lane* on 401 North.

*White v. Greer*, 55 N.C. App. 450, 285 S.E. 2d 848 (1982), cited by defendant as controlling, is clearly distinguishable. That case involved a collision between a motorcycle and a car turning left from the same street across its path. The plaintiff, a motorcyclist, admitted seeing the defendant's car, with its turn signal on, some 275 feet away. The plaintiff left sixty-two to eighty-eight feet of skid marks before striking the right rear of the defendant's car. Here, on the other hand, taking the evidence in the light most favorable to the defendant, it showed that plaintiff saw her from about 100 feet away, when she was stopped, and that at some point thereafter she pulled out in front of him. Plaintiff left only approximately twenty feet of skid marks before impact. The inattention clearly inferable in *White* simply was not suggested by these facts.

Radford v. Norris

The second theory of contributory negligence charged on by the court was that plaintiff failed to maintain proper control of his vehicle. Maintaining proper control means driving in such a manner that the vehicle "can be stopped quickly or with a reasonable degree of celerity, which does not mean instantly under any and all circumstances." 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 415 (1980), *see* Black's Law Dictionary at 298 (5th ed. 1979). Again, the duty of control generally does not require that a driver maintain the ability to avoid collision with those who are themselves negligent. *Id.* Speed and control are interrelated; as speed increases, it obviously becomes more difficult to maintain proper control. *Id.* Nevertheless, speed and control are separate factors.

All the evidence showed that plaintiff was in his proper lane of travel at all times and that defendant pulled out in front of him. Plaintiff did not have time to avoid a collision. He swerved sideways to avoid being thrown from his motorcycle. Plaintiff's maximum speed indicated by the evidence was forty-five m.p.h. There is no evidence that he was unable to control his motorcycle as a result of this speed. In fact, plaintiff was able to do exactly what he intended to do in response to defendant's actions. As noted above, excessive speed and improper control are interrelated but not interchangeable. The evidence did not reach the quantum required to support an instruction on improper control by plaintiff, even in light of the general policies discussed earlier.

The North Carolina cases support our result. They have not always clearly distinguished between proper control and excessive speed, but we have found no case treating the two as the same. Comparison of the facts of this case with representative cases where insufficient evidence of improper control was found compels us to conclude that our ruling is correct. *See Henderson v. Henderson*, 239 N.C. 487, 80 S.E. 2d 383 (1954) (defendant remained in own lane at all times, confronted by sudden swerve; insufficient evidence); *Garner v. Pittman*, 237 N.C. 328, 75 S.E. 2d 111 (1953) (defendant remained in own lane at all times, 100 feet away when plaintiff pulled out; insufficient); *Hall v. Kimber*, 6 N.C. App. 669, 171 S.E. 2d 99 (1969) (defendant remained in own lane at all times, left straight skid marks stopping at point of impact; insufficient). *Compare Miller v. Enzor*, 17 N.C. App. 510, 195 S.E. 2d 86, *cert. denied*, 283 N.C. 393, 196 S.E. 2d 276 (1973)

(defendant's car left road briefly while passing; sufficient). The fact that plaintiff deliberately slid his motorcycle into defendant's car to mitigate the consequences of an unavoidable accident was justified under the circumstances by the sudden emergency doctrine, and does not show improper control resulting in the accident itself. *See Riggan v. Highway Patrol, supra.*

Plaintiff asks that we limit the scope of a new trial to issues of damages, accepting liability as established by the first trial. There having been a new trial on all issues, however, the result of the first trial is no longer relevant. Although this means starting at the beginning for the third time, in this posture of the case, there must be a

New trial.

Chief Judge HEDRICK and Judge MARTIN concur.