BROWN v. WILKINS

[102 N.C. App. 555 (1991)]

---

WILLIAM H. BROWN v. SABRA NANCE WILKINS

No. 901SC874

(Filed 16 April 1991)

**Automobiles and Other Vehicles § 640 (NCI4th) — plaintiff's motorcycle hit from rear — motorcycle partially on travelled portion of highway — no contributory negligence**

In an action to recover for personal injuries sustained when defendant hit plaintiff's motorcycle from the rear, plaintiff was not contributorily negligent and the trial court did not err in refusing to instruct the jury on that issue, though plaintiff stopped beside the road to talk to a pedestrian, leaving the back portion of his motorcycle about a foot into the

travelled portion of the highway, since defendant's own testimony indicated that she never saw plaintiff until she hit him, and it therefore would not have made much difference, if any, if plaintiff had been on the travelled portion of the road even more; moreover, all of the other motorists who passed by observed plaintiff and took safety precautions accordingly to avoid hitting plaintiff.

**Am Jur 2d, Automobiles and Highway Traffic §§ 277, 422.**

APPEAL by defendant from judgment entered 29 March 1990 and signed out of term 30 March 1990 by *Judge Thomas S. Watts* in DARE County Superior Court. Heard in the Court of Appeals 19 February 1991.

In May 1988, plaintiff filed this action against defendant alleging that defendant was negligent in driving her car into the back of plaintiff's motorcycle on 6 August 1987. Plaintiff had stopped his motorcycle to talk to and pick up a passenger on U.S. Highway 64-264 in Manteo. A small portion of plaintiff's motorcycle was sticking out in the travelled portion of the road. As a result of the collision, plaintiff allegedly sustained severe injuries.

Defendant answered and alleged plaintiff's contributory negligence. The case came on for trial on 27 March 1990. A jury returned a verdict in plaintiff's favor on 29 March 1990, and the trial court entered its judgment accordingly.

From this judgment, defendant appeals.

*Hornthal, Riley, Ellis & Maland, by L. P. Hornthal, Jr., for plaintiff-appellee.*

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr., and David J. Irvine, Jr., for defendant-appellant.*

ORR, Judge.

Defendant assigns two errors on appeal. For the following reasons, we find that the trial court did not err and, therefore, affirm its judgment of 29 March 1990.

Defendant first argues that the trial court erred in refusing to instruct the jury on the issue of contributory negligence. We disagree.

It is well established law in this state that if different inferences may reasonably be drawn from the evidence concerning the issue of contributory negligence of one party, then the issue must be submitted to the jury. *Atkins v. Moye*, 277 N.C. 179, 176 S.E.2d 789 (1970); *Boyd v. Wilson*, 269 N.C. 728, 153 S.E.2d 484 (1967); 9 Strong, N.C. Index 3d, Negligence, § 34, p. 428 (1977). If there is any competent evidence of contributory negligence "or inferences of fact fairly deducible therefrom tending to support the defendant's affirmative defense," the trial court should submit the issue to the jury. 9 Strong, N.C. Index 3d, Negligence, § 34, p. 428.

The defendant bears the burden of proof of contributory negligence. *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 38, 365 S.E.2d 198, 201, *disc. review denied*, 322 N.C. 610, 370 S.E.2d 257 (1988). The evidence must be viewed in the light most favorable to defendant. *Id.* (citations omitted). If the evidence raises only a "mere conjecture" of contributory negligence, the issue should not be submitted to the jury. *Radford v. Morris*, 74 N.C. App. 87, 88, 327 S.E.2d 620, 621, *disc. review denied*, 314 N.C. 117, 332 S.E.2d 483 (1985) (citation omitted). "However, since negligence usually involves issues of due care and reasonableness of actions under the circumstances, it is especially appropriate for determination by the jury." *Id.* at 88-89, 327 S.E.2d at 621-22. "In 'borderline cases,' fairness and judicial economy suggest that courts should decide in favor of submitting issues to the jury." *Id.* at 89, 327 S.E.2d at 622 (citation omitted).

With these general principles in mind, we now turn to the evidence in the case *sub judice*. The evidence, viewed in the light most favorable to defendant, tends to show that on 6 August 1987, plaintiff stopped his motorcycle next to the curb on the west side of U.S. Highway 64-264 in Manteo. There were three lanes for traffic: northbound, southbound and center lanes. Plaintiff was in the southbound lane. It was daylight and the weather was clear. Plaintiff's motorcycle was approximately five feet long with saddlebags and a plastic trunk case on the rear bumper.

Plaintiff stopped to offer a ride to a pedestrian and became engaged in conversation with the pedestrian for two or three minutes before the accident. Plaintiff's right foot was on the curb, and the motorcycle was almost parallel to the curbing. However, a portion of the rear of plaintiff's motorcycle was in the travelled portion of the southbound lane. An eyewitness, Don Seaton, testified

in his deposition that the rear of plaintiff's motorcycle was at a 25-degree angle to the curbing.

During the period in which plaintiff was stopped at the curb, a number of southbound cars passed plaintiff. In order to pass plaintiff, some of the cars pulled partially into the center lane to pull around plaintiff in a safe manner. Plaintiff perceived no danger in this.

Defendant was travelling south behind a van. The van swerved to the left in front of defendant (to go around plaintiff) and then made a right turn into a driveway just beyond plaintiff's motorcycle. As the van swerved to the left, defendant watched the van and then ran into plaintiff's motorcycle, causing injuries to plaintiff. Defendant testified that she never saw the motorcycle until she hit it.

The investigating police officer testified that the point of impact was approximately one foot onto the asphalt in the lane of traffic. Defendant's vehicle remained on the travelled portion of the road at all times.

The above evidence indicates that there is only one inference that may be drawn on the issue of contributory negligence. That inference is that plaintiff was not contributorially negligent in that he was not an obstruction to any of the other drivers.

First, other cars saw plaintiff and were able to pass safely. Second, defendant testified that she never saw plaintiff until the time of impact. There is no doubt under these circumstances that plaintiff was not contributorially negligent, even if plaintiff was further onto the travelled portion of the road. For example, if a plaintiff had stopped at a traffic light, or for any other legitimate reason, and a defendant "did not see him until she hit him," then the plaintiff could not be held contributorially negligent. We see no difference under the facts in the present case.

Therefore, under the above principles, we hold that defendant was not entitled to have the trial court submit the issue of contributory negligence to the jury. The circumstances in the case before us raise no more than a "mere conjecture" that plaintiff was contributorially negligent. Therefore, we find that the trial court did not err in refusing to instruct the jury on this issue.

We find support for our holding in *Rowe v. Murphy*, 250 N.C. 627, 109 S.E.2d 474 (1959). In *Rowe*, our Supreme Court stated

**BROWN v. WILKINS**

[102 N.C. App. 555 (1991)]

that a motorist who parks his disabled vehicle partially on a highway in plain view, leaving ample room for traffic to pass, did not violate a highway safety statute and is not negligent. The Court, *citing Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88 (1938), stated:

"Even if it be conceded that defendant's truck was negligently parked on the side of the road, . . . which may be doubted on the facts revealed by the record, . . . still it would seem that the active negligence of the driver of the Bedenbaugh car was the real, efficient cause of the plaintiff's intestate's death."

*Id.* at 633, 109 S.E.2d at 479.

This is the same situation in the present case. The proximate cause of plaintiff's injuries is defendant hitting plaintiff from the rear. Defendant's own testimony indicates that she never saw plaintiff until she hit him, and it would not have made much difference, if any, if plaintiff had been on the travelled portion of the road even more. Moreover, all of the other motorists observed plaintiff and took safety precautions accordingly to avoid hitting plaintiff. Defendant easily could have done the same thing, had she seen him. Therefore, we hold that the trial court did not err in refusing to submit the issue to the jury.

Defendant's second assignment of error concerns whether the trial court erred in granting plaintiff's *motion in limine* to exclude certain portions of an eyewitness's testimony. We have reviewed this assignment of error and find it without merit.

For the above reasons, we find no error in the judgment of 29 March 1990.

No error.

Judges JOHNSON and PARKER concur.